who would have had a minority of votes, had the vote of Jacob Barker been allowed ; and that Wm. Israel and the six other persons for whom Jacob Barker offered to vote, and who would have had a majority of the votes, had the vote of Jacob Barker been received, are duly elected directors of the company.

Although not necessary to the decision of the case now presented, it is deemed proper to express an opinion on a point raised on the argument. A vote was offered by the attorney of an *alien*, and rejected by the inspectors. In this the inspectors decided correctly. The right to vote is regulated by the act of incorporation, which provides that each stockholder personally present shall be, allowed to vote on the stock standing in his name, and that each stockholder being a *citizen* of the United States may vote by *proxy*. The right to vote by proxy is given only to *citizens*. This is the enactment of the legislature, and no doubt made for wise purposes.

ALBANY, Feb. 1831.<br>Bowen<br>v.<br>Bissell.

---

### BOWEN *vs.* BISSELL.

A general affidavit of merits is sufficient to resist a motion to strike out a plea as false, where there is no intricacy in the defence interposed.

MOTION to strike out a plea as false, or for leave to reply double. The action is debt on bond for the payment of money, by an *assignee* of the obligee. The defendant pleads *non est factum* and *payment*. The plaintiff, on an affidavit that he apprehends that the defendant will produce in support of his second plea an instrument in writing, acknowledging satisfaction, fraudulently executed by the *obligee* after, but bearing date previous to the assignment, and that the defendant had admitted the existence of the debt at the time of, and subsequent to the assignment, moves to strike out the second plea as false, or if that be not granted, that he have leave to reply double. The defendant opposes the motion by reading a general affidavit of merits.

February, 3.

Trotter
v.
Mills.

*W. H. Seward,* for the plaintiff.

*S. B. Jewett,* for the defendant.

*By the Court,* SAVAGE, Ch. J.   The general affidavit of merits is sufficient to resist the first branch of the motion ; there is no intricacy in the defence interposed.   Leave to reply double is granted.

---

### TROTTER & DOUGLASS *vs.* MILLS.

An issue of *nul tiel record,* being an *issue of fact,* must be tried by *jury :* where, therefore, a defendant pleaded *nul tiel record* and an *insolvent discharge,* the court refused a rule that the defendant elect between his pleas.

February 3.   MOTION to *elect* one of two pleas.   The action is debt on judgment.   The defendant pleads *nul tiel record,* and a discharge under the insolvent act, exempting his body from imprisonment.

*S. Dutcher, jun.,* for the plaintiff, moves that the defendant elect by which of the pleas he will abide, or that the plaintiff have leave to strike out one of them, they being of such a nature as to require different modes of trial.

*H. Bleecker,* for defendant.   The defendant must plead his discharge, or lose the benefit of it, 15 *Johns. R.* 152 ; and he cannot be deprived of his right to dispute the record.   A defendant will be compelled to elect only where the pleas are inconsistent, 2 *R. S.* 352, § 9.   Besides, all issues of fact must be tried by a jury, 2 *R. S.* 409, § 1.

*By the Court,* SAVAGE, Ch. J.   A similar motion was made in *Le Conte* v. *Pendleton,* 1 *Johns. C.* 104, which was granted, and that the defendant elect, in four days, which of the pleas he would abide by, *or,* in default, that the plaintiff elect. In *Carnes* v. *Duncan, Cole. C.* 35, the defendant pleaded *payment* and *nul tiel record.*   The court ordered the defendant to elect, on the ground that *nul tiel record* was not within the reason of the statute for double pleading, because the de-