James Kay, Respondent *v.* Henry Whittaker, Jr., impleaded with William H. Duryea and others, Appellants.

In an action for the foreclosure of a mortgage upon real estate, an answer alleging that the defendant, having entered into a contract with the plaintiff for purchase of the premises, made an usurious agreement with D., by which, in consideration of usurious loans, he transferred his interest in the contract and directed the plaintiff to convey to D., who, with the defendant's consent, executed the mortgage in question as security for purchase-money, and that the plaintiff had notice of such usurious agreement before he took the mortgage, but without alleging that the plaintiff was a party to, or in any way benefited by the agreement with D., states no defence. The usury, as between the defendant and D., cannot be set up to defeat or delay the plaintiff's rights under the mortgage, which he received with the defendant's consent, and to secure moneys justly due.

Where the complaint alleges that the bond provides for the whole amount secured becoming due at the option of the mortgagee, upon default in payment of interest, and that the mortgage contains the same condition, an answer denying that the "bond and mortgage" contain such a condition, "as by reference to the record of said mortgage will more fully appear," is not a denial that such is the condition of the bond. And, as the reference to the bond in the recorded mortgage, for particular evidence of the terms of payment, gives notice that the bond must be consulted to ascertain them, such denial does not put in issue the plaintiff's allegation that the whole amount secured has become due.

Where the complaint alleges that the defendant is in possession of the premises as tenant of the mortgagor, and elsewhere contains the general allegation that he claims some interest accrued subsequently to the lien of the mortgage, an answer denying such tenancy and alleging ownership, but stating facts from which it appears that his interest, whatever it may be, is subsequent to such lien, tenders no material issue and states no defence.

An allegation that the defendant's wife has an inchoate right of dower, and is a necessary party to the action, does not state any defence. It appearing from the answer that the defendant's interest is under a contract of sale, without title, no dower interest could attach; and even if it could, the plaintiff has the right to foreclose without reference to it. She is not, in any view, a necessary party.

Upon all of these answers judgment is properly ordered in favor of the plaintiff. They are frivolous.

Under the provision of the Code (§ 274) for determining the ultimate rights of the parties on each side, as between themselves, the relief which defendants may have, as against each other, must be based upon the facts involved in the litigation of the plaintiff's claim, and as a part

of the adjustment of that claim, and not upon claims with which the plaintiff has nothing to do, and which are properly the subject of an independent litigation between such defendants.

A defence, alleged upon information and belief, is properly stricken out, upon the positive affidavit of the plaintiff that it is false, when the defendant's affidavit only states circumstances, as reasons for his belief, evidence of which would not be sufficient to sustain a finding of fact that such allegation was true.

(Argued May 7th; decided September 12th, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the second district, affirming an order of the Special Term striking out a portion of the appellant's answer as false, and directing judgment upon the remainder of such answer as frivolous.

This action is brought to foreclose a mortgage made by William H. Duryea to the respondent to secure the payment of $4,000.

The complaint alleges the making by Whittaker of a bond for $4,000, with the condition that in case default should be made in the payment of interest, and the same should remain unpaid for thirty days, the principal sum should, at the option of Kay, immediately become due and payable. The making of the mortgage in suit is then alleged, with the same interest clause as is above set forth, that the same was to secure the payment of the purchase-money of the premises : that Whittaker is in possession as a tenant of Duryea, claiming some interest by virtue of a loan from him; that the interest having become due and remained unpaid for more than thirty days, the plaintiff makes his option that the whole principal be due and payable immediately. The complaint also alleges the making of a second mortgage on the premises for $1,000, and that the same had been assigned to, and was held by the defendant, McKee. It also contains the formal allegations usual in such case, and is verified by the oath of the plaintiff.

In his answer, the defendant, Whittaker, admits the execution of the bond and mortgage, "but he denies that the said

bond and mortgage contained any condition or clause, whereby in case of default in payment of the interest for the space of thirty days, the principal sum was to become due and payable immediately as alleged in said complaint, as by reference to the record of said mortgage will more fully appear."

The defendant admits the execution of the second mortgage of $1,000, also the execution of a formal assignment to McKee; but he avers that the mortgage was paid by Duryea before such assignment; that the same was executed without consideration, was in trust for Duryea, and with the fraudulent design of hindering and embarrassing the defendant. He admits that he is in possession of the mortgaged premises, but denies that he is tenant of Duryea, or that Duryea has any interest in the premises. He alleges that Duryea has paid the interest, and that there has been an extension of the time of payment, and that the action is brought by collusion with Duryea for the purpose of injuring and embarrassing the defendant. "Save as aforesaid this defendant denies each and every allegation contained in the plaintiff's complaint."

For a second defence he alleges that he is married to one Emily Whittaker; that she has an inchoate right of dower, and is a necessary party to the action.

For a third defence he alleges that he was the original contractor for the purchase of the premises for the price of $6,000, of which sum he paid $500; that certain corrupt and usurious loans were afterward made to him by Duryea, upon the agreement that the defendant's interest in the contract of purchase should be assigned to Duryea as security therefor, and that the deed should be given to Duryea by the plaintiff, together with other forms of security; that the assignment was delivered to Duryea; that by the defendant's permission the deed was executed by the plaintiff to Duryea, which was duly acknowledged and recorded; that all of these transactions with Duryea were void for usury and no estate vested in Duryea for that reason, and all mortgages executed by

Duryea were void, as against the defendant; that at the time of the delivery of the deed and the mortgage plaintiff had notice of the facts, which rendered the transaction usurious; that he has commenced an action against Duryea, alleging the usury and asking that the securities, etc., may be set aside. He prays that the action may be stayed until the decision of the action against Duryea, and that plaintiff's mortgage may be declared usurious and void.

The plaintiff made an affidavit stating that the portion of the answer in which it was alleged that the interest has been paid or secured by Duryea, or that the plaintiff had extended the time for the payment of the same, and that there was collusion, was false. He thereupon gave notice of a motion to strike out as false that portion of the answer, and that at the same time and place he should move for judgment upon the remainder of the answer as frivolous. At the hearing of the motion an affidavit made by Whittaker was read, and the court granted both branches of the motion, to wit, striking out a portion as false and adjudging the remainder to be frivolous. Judgment of foreclosure was entered, from which, and from the order described, an appeal was brought by Whittaker to the General Term of the second district. The judgment and order were affirmed with costs, and the defendant now appeals to the Court of Appeals.

*John H. Reynolds*, for the appellant, cited *Davis* v. *Potter* (4 How., 155); *Leach* v. *Boynton* (3 Abb., 1); *Temple* v. *Murray* (6 How., 329); *Seward* v. *Miller* (id., 312); *Tamisier* v. *Cassard* (17 Abb., 187); *Miller* v. *Hughes* (13 Abb., 93n); *Nichols* v. *Jones* (6 How., 355); *Lockwood* v. *Salhenger* (18 Abb., 136); *Wirgman* v. *Hicks* (6 Abb., 17); *Farmers' and Mechanics' Bank* v. *Smith* (15 How., 329); *Munn* v. *Barnum* (1 Abb., 282); *People* v. *McCumber* (18 N. Y., 315); Code, § 247; *Rae* v. *Washington Ins. Co.* (6 How., 21); *Smith* v. *Mead* (14 Abb., 262); *Aitkin* v. *Clark* (15 Abb., 319); *Webb* v. *Van Zandt* (13 Abb., 190); *Shearman* v. *N. Y. Cen. Mills* (1 Abb., 187); *Littlejohn* v. *Greeley* (13 Abb., 311); *Corning* v. *Smith* (2 Seld., 82); *Lewis* v. *Smith* (5 Seld., 502).

*John H. Bergen*, for the respondent, cited *Woodworth* v. *Bellows* (4 How., 24); *People* v. *McCumber* (18 N. Y., 315).

HUNT, C. The greater part of the defendant's answer consists of statements of the difficulties between himself and Duryea. If his statements are correct, the transactions between Duryea and himself are usurious. This question will be determined in the action he has brought against Duryea. The statements are not material to the determination of the present controversy. Admitting that his debts to Duryea were usurious and could be avoided, it is equally certain that they might be confirmed by the defendant, and could be paid by him or by his direction. When he states, therefore, in his answer, that he directed the plaintiff to make the conveyance to Duryea in payment of his usurious debts, that the plaintiff did so convey, and received in return the mortgage in suit for the residue of the purchase-money, which was justly due to him, he gives to the plaintiff an impregnable title to his mortgage. All the authorities hold that when the plaintiff, having no connection with the usury, has, by the defendant's direction, conveyed to his assignee, and received a mortgage for the money justly due him, the usury between the defendant and assignee cannot be set up to defeat the mortgage. (*Pratt* v. *Adams*, 7 Paige, 615; *Murray* v. *Judson*, 5 Seld., 73; *Cole* v. *Savage*, 10 Paige, 583; *Hartley* v. *Harrison*, 24 N. Y., 171; *Mason* v. *Lord*, 40 N. Y., 476; *Williams* v. *Tilt*, 36 N. Y., 319; *Post* v. *Dart*, 8 Paige, 639.) The equities between the two defendants must be settled between them; they cannot be urged to defeat or to delay the plaintiff's right to have his money.

We come to the question, were the portions of the answer indicated properly stricken out by the court? The plaintiff alleges in the complaint, that on the first day of November, 1865, there was due and payable as interest on said mortgage the sum of $150, and that the same remaining unpaid for the space of more than thirty days, he declared his option that the whole amount should be payable.

In answer to this allegation, the defendant averred, upon his information and belief, that Duryea had paid or secured that interest, or some part thereof, or that the plaintiff had agreed to extend the time of payment, and that this action was brought by collusion between the plaintiff and Duryea, for the purpose of harassing and impeding the defendant in the prosecution of his action against Duryea. These allegations were material. On the motion to strike them out as false, the plaintiff swore positively that the statements, and each of them, were entirely false. In reply, the defendant set forth that Duryea had endeavored to induce him to discontinue the action against him, and in the latter part of November, 1865, had threatened him that the plaintiff would proceed to foreclose his mortgage and turn out defendant; that plaintiff never made any personal application to him for the interest or in any way communicated with him, although he well knew the position of his matters with Duryea; that the assignment of the mortgage to McKee was recorded on the 15th day of December, 1865, and that this suit was commenced on the same day; that McKee has since assigned the said mortgage to the father of said Duryea. The answer then details certain boasts of Duryea; states that he put his case over one term, and refused to take short notice of trial at another term; and from the facts and circumstances set forth, he believes that there is or was some understanding or agreement between the plaintiff and Duryea in relation to the bringing and prosecution of this action. Passing by the question whether a combination between the plaintiff and Duryea to enforce the legal rights of the former in aid of the latter can constitute a defence, I am of the opinion that there is not enough in the papers to present that question. The plaintiff testifies positively that the fact is otherwise. The defendant endeavors to sustain his allegation by various statements and circumstances, confined in their influence to Duryea alone. The only circumstance with which the plaintiff is connected, is that the suit was commenced on the same day on which the

assignment to McKee was recorded. The others are of the actions or proceedings of Duryea alone, quite disconnected with the action or interest of the plaintiff. Taking in its full force everything set up by the defendant, it does not legally tend to establish the defence. A verdict or judgment founded on such evidence could not be upheld. It shows simply that there is no defence to the present suit. The court has exercised its power of deciding that there is no question for a jury to pass upon; that it is a mere pretence, and should be stricken out as sham. This they had a right to do, and I cannot say that the power was unwisely exercised. (*The People* v. *McCumber*, 18 N. Y., 315.)

Objection is taken also to that portion of the order striking out as frivolous the residue of the answer. It is said, *first*, that the answer puts in issue the fact that the mortgage is due, and that this is a material issue. ˙ The plaintiff alleged that the bond contained the interest and default clause before set forth, and it was afterward alleged that the mortgage contained the same interest clause. It was then insisted that in consequence of this default and the option of the plaintiff, the whole principal had become payable, and the plaintiff demanded a judgment for the whole amount. In his answer the defendant " denies that the said bond and mortgage contained any condition or clause whereby in case of default in the payment of interest for the space of thirty days, the principal sum was to become due immediately, as alleged in said complaint, as by reference to the record of said mortgage will more fully appear." This is a denial that both of the instruments contain the clause in question. It is not a denial that one of them contains it. Accordingly, the defendant's counsel now argues that, being a subsequent encumbrancer, he is only bound by what is contained in the mortgage, by which the real estate is affected, and that the contents of the bond are not important to him ; that it is to him as an unrecorded conveyance. This reasoning is fallacious. The bond and the mortgage together constitute but one instrument. The latter refers to the former as affording particular evi-

dence of the terms of payment. Such reference incorporates into the mortgage all the terms and conditions of the bond, and all owners or claimants of the real estate are informed that they must consult the bond as well as the mortgage, if they wish to ascertain the precise terms of the burden imposed upon the land.

It is said, also, that the answer remaining contained a general denial, and could not, for that reason, be held to be frivolous. This is not correct, inasmuch as the defendant had previously and specifically admitted the allegations of the execution of the bond and of the mortgage, which allegations were coupled with the statement that the bond contained the interest clause. The only denial was of their joint effect. This was an admission as to the bond, which was not affected by a general subsequent denial. The material allegations of the complaint were all admitted, after the order to strike out took effect.

It is said that Emily Whittaker should have been made a party, and that the allegation to that effect was material and prevented a judgment as frivolous. To sustain a foreclosure suit, the mortgagor is a necessary party, and generally the only necessary one. Others may be joined if it is desired to cut off their interests, as a wife, a subsequent purchaser or subsequent mortgagor. They are not indispensable parties. The action is good without them, and the only effect of their absence is that their interests are not affected by the proceeding. Such was the condition of Mrs. Whittaker if her husband was a subsequent purchaser or holder. If the defendant had any interest whatever in the premises, it was that of a subsequent holder or encumbrancer. The plaintiff's mortgage was by defendant's assent prior to any other interest. It was for the purchase-money, and entitled to payment in advance of any possible claim the defendant might have. Upon the whole case, I think the order and judgment were right. Mr. Whittaker must contest his matters with Mr. Duryea in his suit with him. There is no reason to apprehend that he cannot obtain full redress in that action. Certainly there is no

reason why a just and honest claim of the plaintiff's should be mixed up and embarrassed by the difficulties of a controversy to which he is not a party.

The judgment and order should be affirmed with costs.

EARL, C.   It was held, in the *People* v. *McCumber* (18 N. Y., 315), that a motion to strike out one defence, as sham, under section 152 of the Code, may be united with an application for judgment on account of the frivolousness of the other defences, under section 247, and such was the motion in this case.   The defendant has the right to have every real and substantial issue tendered by his answer tried in the modes prescribed by law, and this right should be sacredly guarded by the courts.   A defence should not be stricken out as sham or false, unless it is clearly so, and judgment should not be given under section 247, unless the answer is palpably frivolous.   If upon a motion under either section, the case presented to the court is a doubtful one, the motion should be denied, and the case left to be disposed of by trial in the ordinary way.   The portion of the answer in this case sought to be stricken out as false, so far as the same is at all material, alleges, upon information and belief, that the defendant Duryea has paid, or secured, or caused to be paid or secured the interest or some part thereof, which became due upon the mortgage November 1st, 1865, or that the plaintiff has extended, or agreed to extend the time for the payment of the same.   These allegations are quite loose and uncertain. The plaintiff moves to strike them out upon his own affidavit that they are entirely false.   This is as explicit, positive, and direct, as he well could be.   While the defendant made an affidavit to oppose the motion, he did not in any way attempt to fortify or sustain these allegations.   If he had no personal knowledge upon which he based them, he could at least have given the sources of his information, and the grounds for his belief.   This he did not do, and hence, I think, a case was clearly made for striking out the allegations as false.

The balance of the answer is clearly frivolous. In one portion of the complaint there is an allegation that the appellant is in possession of the mortgaged premises as tenant, and that he claims some interest therein by virtue of a lease from the defendant, Duryea. In another portion of the complaint is the general allegation that he and other defendants have, or claim to have some interest in or lien upon the mortgaged premises, which interest or lien, if any, has accrued subsequently to the lien of the mortgage. In his answer the appellant admits that he is in possession, but denies that he is in as tenant, or by virtue of any lease from Duryea, and alleges that he is the true and lawful owner of the premises; but in other parts of his answer he alleges facts showing clearly that his interest in the premises, if any, was clearly subsequent to the lien of the mortgage, and that he was in possession under an agreement between him and Duryea, and that he was at least nominally Duryea's tenant. Hence the allegation in the answer as to the manner of the appellant's occupancy and the nature of his title tendered no material issue, and may properly be treated as irrelevant or frivolous.

The allegation in the second answer, that the wife of the appellant had an inchoate right of dower in the premises, and hence was a necessary party to the action, is clearly frivolous. The facts alleged in the answer show that the appellant never had the legal title to the premises. All he had was a mere equity, to which no right of dower in his wife could attach.

The third defence is also clearly frivolous. It alleges that in April, 1865, the appellant entered into contract for the purchase of the mortgaged premises from the plaintiff for $6,000, and that $4,000 of the purchase price was to be secured by a mortgage upon the premises, payable on or before May 1, 1868, the deed and mortgage to be given July 24th, 1865; that prior to the said 24th day of July he borrowed money of the defendant, Duryea, at a usurious rate of interest, and assigned to him this contract as security for the said usurious loan, and consented that he should take the

deed of the said premises, under the said contract, and give the said purchase-money mortgage. The defendant also alleges that the plaintiff knew of this usurious arrangement between him and Duryea, and with such knowledge executed the deed and took the mortgage on the said 24th day of July.

I do not see how all these facts constitute, as to the plaintiff, any defence. There is no allegation that the plaintiff had any part in the usurious agreement, or that he was in any way benefited by it. This mortgage was for the precise amount due him. The contract was assigned to Duryea, and plaintiff was directed to give the deed to him. This he was bound to do, and if he had refused, Duryea could have compelled him, by an action for specific performance. The usury, and his knowledge of it, between the appellant and Duryea, would have constituted no defence as to him. He was a stranger to the usurious contract, and it has been settled by repeated adjudications, that a mere stranger to a usurious contract cannot avail himself of the usury. (*Murray* v. *Judson*, 9 N. Y., 73; *Rosa* v. *Butterfield*, 33 N. Y., 665; *O. & M. R. R. Co.* v. *Kasson*, 37 N. Y., 218; *Williams* v. *Tilt*, 36 N. Y., 319; *Mason* v. *Lord*, 40 N. Y., 476.)

It might have made a difference if, before the deed was given, the appellant had repudiated the usurious contract between him and Duryea, and notified the plaintiff of such repudiation, and forbade him giving the deed. But it is expressly alleged in the answer that the deed was given by the permission of the appellant, the only person who could set up the usury. Hence there can be no doubt that the plaintiff properly gave the deed to Duryea, and that the mortgage he took for the purchase-money is a valid security in his hands.

It is clear, therefore, that the facts alleged in this portion of the answer constitute no defence as to the plaintiff, and the only remaining question as to them is, whether the appellant had the right to set them up for the purpose of claiming an adjustment of the equities between him and his co-defendant, Duryea, and I am clearly of the opinion that he had not

The plaintiff, in his complaint, must state facts constituting a cause of action, in his favor, against the defendant, and he must demand relief, in his favor, against the defendant. The answer of the defendant is confined to a defence of the claim made by the plaintiff, or a counter-claim against the plaintiff, not against a co-defendant. If a defendant does not choose to answer, the relief against him cannot exceed that which the plaintiff has demanded against him in the complaint.

Here the defendant, Duryea, has interposed no answer, and he has had no notice that any relief would be claimed against him in the action, except what is prayed for in the complaint. He has had no notice of the facts alleged in the appellant's answer, and he has not in any way admitted them. There is no way of framing an issue in this action between him and the appellant, and I know of no way of compelling him to come into court in this action, and litigate with his co-defendant.

It would be a great novelty in legal proceedings if a plaintiff, whose rights are really not disputed, and who has no controversy with either defendant, could be obliged to stand still, look on and be delayed, while the defendants are litigating questions, in which he has no interest, with each other.

It is true that section 274 of the Code provides that the judgment in an action "may determine the ultimate rights of the parties on each side, as between themselves." This provision cannot reach such a case as this; and it seems to me that defendants can have relief against each other only in a case in which they have appeared and answered, in reference to the claim made against them by the plaintiff, and as a part of the adjustment of that claim, and that it must be based upon the facts involved in, and brought out by the litigation and investigation of that claim. In such a case, all the parties being before the court, and all having been heard, and the facts being properly before the court, the rights as between plaintiffs and defendants not only, but as between the parties on either side, can be adjusted. (*Mechanics, &c., Savings Institution* v. *Roberts*, 1 Abb., 382; *Woodworth* v. *Bel-*

*lows*, 4 How., 24; *Norbury* v. *Seely*, 4 How., 73.) Here the matters which the appellant sets up against his co-defendant, have nothing whatever to do with the plaintiff or his claim. They are the facts for an independent litigation between him and his co-defendant, Duryea, and should not be permitted to embarrass this action.

Having thus considered all the questions which I deem important, I reach the conclusion that this judgment should be affirmed, with costs.

All for affirmance, except LOTT, Ch. C., not sitting. Judgment affirmed with costs.