JOSEPH NEUBERGER and PHILIP BENZ, Appellants, v. WILLIAM B. WEBB, Respondent, Impleaded, etc.

24h 347
f57ad358

*Answer — verification of, by an attorney — when it cannot be stricken out as sham.*

An answer denying any knowledge or information sufficient to form a belief as to the truth of material allegations of the complaint, which is verified by the defendant's attorney, who gives as a reason why the verification was not made by the defendant, that the latter was not a resident of the county in which the attorney resided, and states that the grounds of his belief were statements made to him by his client, raises an issue, and it cannot be stricken out on motion as sham.

*Kay* v. *Whittaker* (44 N. Y., 565), distinguished.

*Quære,* as to the respective liability of the attorney and client in case the answer be false.

Appeal from an order made at a Special Term, denying a motion to strike out an answer as sham, or for judgment on the answer as frivolous, except so much of said order as refuses judgment upon the answer as frivolous.

*Arthur R. Robertson,* for the appellants.

*James Flynn,* for the respondent.

Brady, J.:

This action was brought to recover a demand against the defendants, arising from the purchase of butter which the defendants sold on commission as alleged in the complaint. The defendant William B. Webb interposed a separate answer, in which he admitted the partnership of the defendants, and as to each and every other allegation in the complaint denied any knowledge or information thereof sufficient to form a belief. The verification of his answer was made in Kings county by Arthur Murphy, Jr., who was his attorney and who stated that he resided in that county. He then averred that the answer was true of his own knowledge, except as to the matters therein stated to be on information and belief, and that as to those matters he believed the same to be true. He gave as a reason why the verification was not made by the defendant that the

latter was not a resident of or within the county of Kings, and stated that the grounds of his belief were statements made by his client to him.

The form of denial adopted was justified by section 500 of the Code of Civil Procedure, which authorizes a general or specific denial, or of any knowledge or information thereof sufficient to form a belief; and this mode seems to be allowed even in cases where the knowledge of the truth of the averment thus controverted is supposed to be possessed by the party making the denial. Such a form of denial, even by a person conversant with the facts set out and which he controverts, was in the view of the legislature at the time of the adoption of the Code of Civil Procedure, as shown by the provisions of section 524 thereof, which declare that an allegation that the party has not sufficient knowledge or information to form a belief with respect to a matter, must be regarded for all objects, including a criminal prosecution, as an allegation that the person verifying the pleading has not such knowledge or information. The section was new when it was adopted, and its object is declared to have been to settle a question in respect to which the authorities were discordant. The verification by the attorney is justified by section 525 of the Code, which provides that where the party is not within the county of which the attorney is a resident and capable of making the affidavit, the verification may be made by his agent or attorney, and when made by an attorney, by section 526 he is required to state the grounds of his belief upon all matters not stated of his knowledge, the reason why it is not made by the party, and the reasons for his belief.

The object of these sections was to make it equally criminal for a party to deny sufficient knowledge or information to form a belief, in regard to the material allegations contained in the complaint, as to make a positive denial if the denial was untrue.

No opinion was rendered upon the decision of the motion in the court below, but the appellant seems to have been satisfied with so much of the order as covered the proposition that the answer was not frivolous, because the notice of appeal was from every part of the order, except so much of it as refused judgment upon the answer as frivolous. The appeal, consequently, is from the refusal of the court to strike out the answer as sham, *i. e.*, false, which, as

there were denials of material allegations in the complaint, was correct under the authorities. (*Wayland* v. *Tysen*, 45 N. Y., 281; *Newman* v. *Supervisors of Livingston County*, id., 691; *Thompson* v. *The Erie Railroad Company*, id., 468.)

The appellant's counsel seems to think that in *Kay* v. *Whittaker* (44 N. Y., 565) the Court of Appeals overruled the case of *Wayland* v. *Tysen*; but this is a mistake. It was held in that case, which it is true was decided subsequently to the case of *Wayland* v. *Tysen*, that a defense interposed on information and belief might be stricken out as false. But this in no way conflicts with the proposition that the denial of a material allegation of the complaint in the form allowed by statute cannot be stricken out as sham.

It is not necessary here to determine what responsibility the attorney for the defendants has assumed in making the verification of an answer, which denies facts presumably within the knowledge of his client, nor is it necessary to suggest what liability the defendant has taken upon himself in that respect. The answer in its form, coupled with the allegation in the complaint, suggests serious doubts as to his good faith; but that view was not considered at the Special Term, and cannot very well be investigated under the law as it now stands. The form of the answer must, therefore, be sustained. If the answer and verification to it were framed *mala fides*, it is not improbable that the law furnishes a remedy.

We think the order appealed from should be affirmed, but without costs.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, without costs.