OSCAR G. RAFFERTY, PLAINTIFF, *v*. JAMES H. WILLIAMS, RESPONDENT, AND ALEXANDER H. PALMER, APPELLANT.

*Practice — right of a defendant to have a controversy between himself and a co-defendant settled — Code of Civil Procedure, sec. 1204 — it only applies to causes of action connected with the one upon which the action is brought.*

In an action by a judgment-creditor to set aside as fraudulent a transfer of property from the debtor to his co-defendant, the debtor cannot, under the power conferred by section 1204 of the Code of Civil Procedure, while admitting the transfer, but denying the fraudulent intent, allege that the transfer was obtained from him by means of a fraud practiced upon him by his co-defendant, and demand that the assignment be for that reason vacated and set aside.

Appeal by the defendant Palmer from an order denying a motion for the production and deposit by the defendant Williams of certain agreements and other documents.

*Aaron J. Vanderpoel,* for Palmer, appellant.

*Eugene Smith,* for defendant Williams, respondent.

Daniels, J. :

The action is by the plaintiff, as a judgment creditor of the defendant Palmer, upon a judgment recovered in the Marine Court of the city of New York, after the docketing of the judgment and the issuing and return unsatisfied of an execution against property, to have property transferred by the judgment debtor to the defendant Williams appropriated and sold for the payment of the judgment. To maintain the action it has been alleged that the transfer from the judgment debtor to the defendant Williams was made with intent to hinder, delay and defraud creditors. The fact of the making of the transfer is admitted by the answer of the defendant Palmer, who denied that it was made to hinder, delay or defraud creditors, and he alleged in his answer that the transfer of the property was obtained from him by means of a fraud practiced upon him by the defendant Williams, and for that reason demanded that it should be vacated and set aside in this action, and for that purpose a copy of his answer was served upon the attorney for the defendant Williams. It was to enable him to maintain the allegation that he had been induced to transfer the property by fraud that he applied for an order requiring the production of the agreements and assignments through which the transfer was made. The object of the production of the papers was to enable him to obtain proof to establish the truth of his allegations. But this allegation of fraud on the part of the purchaser, by which the property was alleged to have been obtained from him, was in no way connected with the subject-matter of the plaintiff's action. The cause of action presented by the plaintiff was that of a judgment creditor to have the sale and transfer of the property in controversy, made by the judgment debtor to the defendant Williams, set aside as fraudulent as to creditors, and to have the property applied to the payment of his debt, while that set forth in the answer of the

defendant Palmer was for the rescission of the sale and transfer of the same property upon the allegation that it had been obtained from him by fraud. These were two distinct and independent causes of action, in no way whatever connected with each other, and the defendant Palmer was therefore not permitted, even by the broad language of section 1204 of the Code of Civil Procedure, to make it by his answer a part of the controversy intended to be presented by the plaintiff's complaint. By that section the court has been empowered to determine the rights of the parties between themselves, and to grant to a defendant any affirmative relief to which he is entitled, but it does not permit a new and independent right of action to be brought into the litigation by the answer of either of the defendants. It was intended to confer authority upon the courts to make a full and complete determination of the controversy in the action itself by settling and determining all its incidental consequences, not to permit a distinct and separate cause of action to be brought into the case by means of the answer of one or more of the defendants, when that cause of action shall not be, as it is not in this case, in any form connected with the subject-matter of the action. This was considered in *Kay* v. *Whittaker* (44 N. Y., 565, 576), and *Lansing* v. *Hadsall* (26 Hun, 619), where the effect of this section of the Code was restrained and limited in this manner. As the defendant had no right by his answer to interpose this additional cause of action, in the suit brought by the plaintiff for the collection of his judgment, it follows that he could not secure a discovery of agreements, documents or papers in the possession of the other defendant, which might supply pertinent evidence to maintain it. The cause of action alleged by him was wholly irrelevant to the controversy presented by the complaint, and could not be made the subject of consideration or trial in this suit; for that reason it was not necessary that the documents and papers, stated by him to be required for a proper trial of the cause of action set forth in his answer, should be produced or deposited for his benefit. The application was not within section 803 of the Code of Civil Procedure, or any other authority possessed by the court over this subject, for the simple reason that in this action the right asserted by him in his answer cannot now be made the subject of investigation or controversy.

The order should be affirmed, together with ten dollars costs besides the disbursements.

DAVIS, P. J., concurred; BRADY, J., dissented.

Order affirmed, with ten dollars costs and disbursements.