GINNEL et al. v. STAYNER et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. SHAM PLEADING—STRIKING OUT ON MOTION.
　　Where in foreclosure plaintiff alleged in the complaint an assignment of the bond and mortgage, a verified answer that defendant had no knowledge or information sufficient to form a belief as to the assignment will not be struck out as a sham pleading on plaintiff's motion, as the answer denied a material allegation, which plaintiff was required to establish by evidence.

2. SAME—SUFFICIENCY OF AFFIDAVIT.
　　Where in foreclosure plaintiff alleged ownership as an assignee, and the defendant by verified answer denied knowledge or information sufficient to form a belief as to the assignment, an affidavit alleging that defendant's counsel had never denied the validity of the assignment, and that defendant had paid interest to the assignee, did not authorize the court to strike out such answer as a sham pleading.

Appeal from special term, Kings county.

Action by William S. Ginnel and another, as trustees, against Elizabeth Stayner and others. From an order striking out an answer as sham, and directing judgment, the defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Tunis G. Bergen, for appellants.

Alvan R. Johnson, for respondents.

JENKS, J. This is an appeal from an order of the special term, in an action for the foreclosure of a mortgage made by the defendant and her husband on February 15, 1901, to the Title Guarantee & Trust Company, striking out defendant's answer as sham, and directing judgment. The plaintiffs alleged an assignment to them, for value received, of the bond and mortgage, by an instrument in writing dated February 15, 1901, and recorded. The verified answer was confined to the plea that defendant had no knowledge, or information sufficient to form a belief, as to the assignment, or record thereof. The plaintiffs moved, on an affidavit of their attorney, that the defendant's attorney had called upon him many times, but had never denied the plaintiff's claim, its amount, or the assignments under which they held, but that defendant, at various times, had paid interest to the plaintiffs, and "recognized them as the owners and holders of the bond and mortgage described in the complaint; * * * and that said defendant * * * has recognized the validity of it by paying interest to the holder thereunder * * * until about May last, but has allowed taxes to fall several years in arrears." The defendant presented no counter affidavits.

The allegation traversed by the defendant was material, and the form of her traverse was proper, under section 500 of the Code of Civil Procedure. Bliss on Code Pleading says:

"The New York cases do not agree in respect to treating simple denials as sham, it being held in some that the power was but a continuation of that formerly exercised, and that a sham plea was a special plea, setting up new matter, and tendering a fictitious issue, while, in the other cases, all defenses evidently false are treated as sham, whether denials, or whether they set up new matter. The former seems to be the prevailing view, and answers will not be treated as sham unless new facts are pleaded which on their face constitute a defense,"—citing authorities. Bliss, Code Pl. § 422.

This view is sustained by Wayland v. Tysen, 45 N. Y. 281. The reason is that such procedure is in effect a trial of the issue upon affidavits, in which the moving party has but to satisfy the court by a preponderance of such evidence of the falsity of the plea, maugre its verification, and notwithstanding that such party may insist upon a trial at which he can cross-examine the affidavits and ask a jury to pass upon the credibility thereof.

It is also pointed out that the defendant can derive no benefit from his success on the motion, inasmuch as the plaintiff may still go to trial upon the issue. The doctrine of Wayland v. Tysen, supra, was reaffirmed and applied to a general denial of a part of a complaint in Thompson v. Railroad Co., 45 N. Y. 468, Folger, J., saying:

"We have held in Wayland v. Tysen that a verified answer which interposes a general denial to the complaint, is tantamount to a plea of the general issue under the former system of the practice at law; that such

answer gives to the defendant the right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery; and that it cannot be stricken out as sham, though shown by affidavits to be false. 'This was not upon the ground that a false plea was not sham, but upon the ground that a party, making a demand against another through legal proceedings, was required to show his right by common-law evidence, and that ex parte affidavits were not such evidence.' "

Even though a case is for the equity side of the court, that but obviates the objection that the defendant will have no determination as to credibility by a jury. True, in Kay v. Whittaker, 44 N. Y. 565, decided by the commission of appeals subsequent to Wayland's Case and Thompson's Case, supra, the court approved the striking out of an allegation upon information and belief that a defendant had paid, or secured, or caused to be paid or secured, the interest, or some part thereof, which became due upon the mortgage, or that plaintiff had extended, or agreed to extend, the time of payment, saying that the allegations were vague and uncertain, that the motion made was upon plaintiff's own affidavits, that the allegations were entirely false, and that the defendant, in his affidavit in opposition, though he could at least have given the sources of his information and the grounds for his belief, failed to show them. But in Roby v. Hallock, 5 Abb. N. C. 86, 88, cited in Rumsey's Practice (volume 1, p. 297), the general term of the Fourth department said that Kay v. Whittaker, supra, could not be regarded as an authority for the construction that the court had the power to strike out an answer set up in an action upon a promissory note, which denied any knowledge or information sufficient to form a belief, whether the note set forth in the complaint was ever transferred or indorsed to plaintiffs, as alleged in the complaint or otherwise, and that the practice since Kay's Case had conformed to Wayland's Case, citing Schultze v. Rodewald, 1 Abb. N. C. 365, Fellows v. Muller, 38 N. Y. Super. Ct. 137, and Bank v. Leland, 50 N. Y. 673. Roby v. Hallock, supra, was cited in Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457, and the court points out that the defense stricken out in Kay v. Whittaker, supra, was that of payment,—"an affirmative defense." Follett, J., writes a characteristic, and, therefore, a learned and exhaustive, opinion upon a question similar to that presented in the case at bar, save that the action was upon a promissory note, where the affidavits showed "beyond question that the answer is sham in fact, was interposed in bad faith, and solely for the purpose of delay," and yet it affirmed the order denying the plaintiff's motion. The case was affirmed on the opinion below. 115 N. Y. 650, 21 N. E. 1118. See, too, Alexander v. Aronson, 65 App. Div. 175, 72 N. Y. Supp. 640.

As the defendant has joined issue by a denial of a material allegation of the complaint, which the plaintiff is bound to establish by common-law evidence, and which he should not, therefore, be permitted to try by affidavits, I think that the order should be reversed. Even considering the merits of the application, it is to be noted that the affiant's specific charge of the sham, or, in other words, of the falsity, is that the defendant's counsel in his interviews never denied the validity of the assignment, and that the defendant subse-

quent to the assignment paid interest to the assignee. Even proof of these facts would not necessarily establish the plaintiff's case beyond any evidence which could be given by the defendants. As to the force and effect of such allegations, see Belden v. Devoe, 12 Wend. 223, where Savage, C. J., explains his decision in Bowen v. Bissell, 6 Wend. 511. It is true that the affiant in the case at bar states that he verily believes that the answer is a sham, but I appreciate such allegation as his conclusion, based upon the specific allegations theretofore made.

The order should be reversed, with $10 costs and disbursements, and motion denied, without costs. All concur.