## O-SO-EZY MOP CO. v. CHANNELL CHEMICAL CO.

### (District Court, S. D. New York. July 7, 1915.)

1. PLEADING ☜313—BILL OF PARTICULARS—INFORMATION WHICH MAY BE REQUIRED.

   While a party will not be compelled to furnish the names of its witnesses or its evidence in a bill of particulars, it will be required to furnish information as to matters forming a substantial part of the material facts, including facts not directly in issue, but the existence or nonexistence of which is relevant to the existence or nonexistence of the facts directly in issue.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. ☜313.]

2. PLEADING ☜320—BILL OF PARTICULARS—INFORMATION WHICH MAY BE REQUIRED.

   While, on an application for a bill of particulars, facts should not be required which are within the knowledge of the moving party, if the facts relied upon are really thus known, this is not true when it is not known what are the facts which the party of whom the information is sought proposes to show, as where defendant in its counterclaim alleged the making of derogatory statements concerning it by plaintiff, in which case plaintiff did not necessarily know what statements defendant might claim were made, who made them, or whether the person charged with making them was an authorized representative of plaintiff.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. ☜320.]

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PLEADING ⬯326—BILL OF PARTICULARS—ADDITIONAL BILLS.

An objection to the furnishing of a bill of particulars concerning defendant's counterclaim, on the ground that it might thereby be precluded from proving facts subsequently discovered, could be obviated by applying for leave to file an amended bill of particulars, so as to include any such new facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 990–992; Dec. Dig. ⬯326.]

At Law. Action by the O-So-Ezy Mop Company against the Channell Chemical Company. On motion for a bill of particulars respecting defendant's counterclaim. Motion granted in part.

Kenyon & Kenyon, of New York City, for plaintiff.

Howson & Howson, of New York City (Charles W. Hills, of Chicago, Ill., of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. [1] It is well settled that a party will not be compelled to furnish the names of its witnesses or its evidence in a bill of particulars. But the very function of a bill of particulars is to apprise the moving party of the ultimate facts upon which the other party proposes to rely without furnishing the mode of proof. The English case of Marriot v. Chamberlain, L. R. 17 Q. B. D. 156, cited by the plaintiff, very clearly sets forth what is proper to require in such cases. Lord Esher there held interrogatories must be answered which inquire as to—

"matters forming a substantial part of the facts material to the issue and not merely the names of witnesses or mere evidence of such facts. * * * The law with regard to interrogatories is now very sweeping. It is not permissible to ask the names of persons merely as being the witnesses whom the other party is going to call, and their names not forming any substantial part of the material facts; and I think we may go so far as to say that it is not permissible to ask what is mere evidence of the facts in dispute, but forms no part of the facts themselves. But with these exceptions it seems to me that pretty nearly anything that is material may now be asked. The right to interrogate is not confined to the facts directly in issue, but extends to any facts the existence or nonexistence of which is relevant to the existence or nonexistence of the facts directly in issue."

[2, 3] The argument is frequently made that facts should not be required which are within the knowledge of the person asking for the information. That is true when it can be said that the facts *relied* upon are really thus known, but not when it is not known what are the facts which the party of whom the information is sought proposes to show. While in this case the plaintiff may be assumed to know what, if any, derogatory statements concerning the defendant it really made, it does not necessarily know what statements of this nature the defendant may claim were made, who made them, or, consequently, whether the person charged with having made them was an authorized representative of the plaintiff. I therefore think the first count of the motion for further particulars should be granted. The defendant objects to the foregoing bill of particulars on the ground that it may be thereby precluded from proving facts hereafter discovered which may support the allegations of its counterclaim, but

may not now be known to it. I think this objection can be obviated, should such facts be discovered, if the defendant shall in that event make application to file an amended bill of particulars, so as to include any such new facts. Doubtless the court would grant such an application if seasonably made upon a proper showing.

In regard to the second count, relating to damages caused by cancellation of orders for goods, I think it was in substance covered by Judge Mayer's order, who only allowed particulars as to the general character of such damages. I shall therefore deny the motion in respect to these matters, without prejudice to an application to Judge Mayer to amend his order, or to make any further order he may deem best as to further particulars of alleged damages.