P. J. HARNEY SHOE COMPANY, Respondent, *v.* A. H. GINZ-
BERG-GORDON COMPANY, Appellant.

First Department, April 5, 1918.

**Pleading — amendment — indefinite and uncertain allegations —
bill of particulars.**

Where the allegations of an answer are so indefinite and uncertain that
the precise meaning thereof is not apparent, the defendant, on motion
by the plaintiff, should be required to make the answer more definite
and certain by amendment instead of furnishing a bill of particulars.

But where it is claimed that certain merchandise was inferior and not up
to sample and standard quality the defendant will be required to give
a bill of particulars of said defects as they are peculiarly matters for a
bill of particulars and not for the pleading.

APPEAL by the defendant, A. H. Ginzberg-Gordon Com-
pany, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of
the county of New York on the 5th day of February, 1918,
granting plaintiff's motion to make the amended answer more
definite and certain.

*Harrie C. Manheim* of counsel [*Edward B. Levy,* attorney],
for the appellant.

*W. E. Lowther* of counsel [*Lowther, Smith & Russell,*
attorneys], for the respondent.

SHEARN, J.:

The defendant appeals from an order directing the amended
answer to be made more definite and certain in seventeen
particulars. The action is for goods sold. There are two
causes of action. The defendant sets up several separate
defenses and counterclaims. It is only necessary to read this
pleading to see that it fails to set forth a plain and concise
statement of the facts constituting the defense and counter-
claim. Resort is had to the vaguest generalities and no issue
would be raised by a reply to such allegations. The appellant
contends that the remedy should have been to require a bill
of particulars. Without entering upon a discussion of when

it is proper to require a pleading to be made more definite and certain and when to relegate a party to a bill of particulars, it is apparent that the allegations in this pleading are so indefinite and uncertain that the precise meaning thereof is not apparent and, therefore, the case comes well within section 546 of the Code of Civil Procedure. With respect, however, to the third group of the requirements, items 6, 11 and 17, these fall within the rule requiring the claim to be stated in a bill of particulars. These items call for definiteness with respect to the claim that the merchandise was inferior and not up to sample and standard of quality. When the answer has been properly amended so that it definitely and precisely states what was the standard of quality and what was the sample, it will suffice to allege generally that the goods were not up to and were inferior to such standard and sample. The particulars of the defects and of the failure to come up to standard and sample are peculiarly matters for a bill of particulars and not for the pleading.

Accordingly the order should be modified by eliminating the requirement to make more definite and certain items 6, 11 and 17 and as modified affirmed, without costs.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Order modified as stated in opinion and as modified affirmed, without costs.