### HESPE et al. v. CORNING GLASS WORKS, Inc.

District Court, Western District, New York. Feb. 1, 1935.

726

See, also, 37 F.(2d) 587.

Aro G. Gabriel, of Union City, N. J., for plaintiffs.

Stanchfield, Collin, Lovell & Sayles, of Elmira, N. Y. (Halsey Sayles, of Elmira, N. Y.), for defendant.

RIPPEY, District Judge.

This action was commenced on October 1, 1934. It is brought to recover damages of $500,000 for the alleged breach of an agreement between the defendant and Alfred T. Hespe and Charles J. Tagliabue Manufacturing Company, dated October 17, 1927, under which Hespe and the Tagliabue Company, among other things, gave the Corning Glass Works, Inc., an exclusive license to manufacture thermometer tubing (other than clinical and nonexclusive for clinical) in the United States and Canada and to sell the same for fabrication into thermometers to all licensees of Hespe and the Tagliabue Company under certain patents owned by Hespe and pending applications for patents owned by both Hespe and Tagliabue. The agreement contained a covenant that the Corning Glass Works, Inc., acknowledged the validity of the patents, and that it would not directly or indirectly question the validity of any claims therein or aid others in questioning or disputing their validity. Plaintiffs allege that defendant breached the agreement, among other things, by manufacturing and in assisting others to manufacture large quantities of materials within the scope of the patents for the use of nonlicensees, and appeared in an action brought by Hespe against an alleged infringer, and filed an answer in that action in which it denied that the patents in question were valid, and assisted actively in the defense of that action.

Defendant demanded a bill of particulars covering eighteen specific items. A bill of particulars was furnished satisfactory to defendant, except in two respects. Defend-

ant now moves for a further bill of particulars as follows:

"1. (No. 10 of the original demand) Each act by which defendant indirectly questioned the validity of the Hespe patents, and

"2. The particulars and respects in which defendant aided, abetted and encouraged the non-licensees mentioned in the bill of particulars to manufacture and sell materials within the scope of the Hespe patents, naming each specific act, stating whether it was verbal or in writing, and if in writing giving a copy thereof, stating the name of the officer or employer of the defendant doing said act, and stating which specific non-licensees, each specific act aided, abetted and/or encouraged to manufacture and sell materials within the scope of the Hespe patents, and the date of each act."

■ In response to the original demand plaintiffs furnished defendant with the names of seven nonlicensees for whom defendant manufactured materials within the scope of the Hespe patents, and in response to demand No. 10, stated that defendant aided, abetted, and encouraged such nonlicensees to manufacture and sell materials prescribed, and assisted the alleged infringer in the conduct of its defense and on the appeal in the suit above referred to. Plaintiffs have very fully stated how they claim defendant directly aided, abetted, and encouraged nonlicensees to question and dispute the validity of the patents and to manufacture materials within the scope of the Hespe patents. If plaintiffs are expecting to rely upon any indirect aid or assistance to nonlicensees of the character stated, they should furnish the particulars thereof as required. Affidavits are presented by defendant in which it is shown that it has no knowledge of, or means of learning of, any such indirect aid and assistance. Plaintiffs assert that defendant must have knowledge of all indirect aid and assistance it gave, but that fact, if true, will not furnish an excuse for refusal to furnish the particulars requested. Slocum v. Erie R. Co. (D. C.) 36 F.(2d) 277; Bjork v. Post & McCord, 125 App. Div. 813, 110 N. Y. S. 206. A bill of particulars may be ordered under section 247 of the N. Y. State Civil Practice Act. It will not be ordered where the effect is merely to make the complaint more definite and certain. Harney Shoe Co. v. A. H. Ginzberg-Gordon Co., 182 App. Div. 496, 169 N. Y. S. 848. Its function is to amplify or limit the pleading served to the end that the proof offered at the trial may be limited and addressed only to the questions arising upon the pleading as thus amplified or limited, and that surprise and needless preparation may be avoided. In re Caterson's Estate, 143 Misc. 115, 256 N. Y. S. 159; Smiley Steel Co., Inc., v. Schmoll, 200 App. Div. 655, 193 N. Y. S. 522, affirmed 235 N. Y. 520, 139 N. E. 718; Talcott, Inc., v. Greenstein, 210 App. Div. 633, 206 N. Y. S. 471; Harmon v. Alfred Peats Co., 243 N. Y. 473, 154 N. E. 314.

■ Plaintiffs need not give the names of the witnesses by whom nor the evidence by which they expect to establish the facts upon which they rely for recovery, but they should furnish defendant with a statement of the ultimate facts they expect to prove, and the names of each of the officers or employees of defendant who aided, abetted, or encouraged, directly or indirectly, each of the seven nonlicensees mentioned in the bill of particulars to manufacture and sell materials within the scope of the Hespe patents, and the particular manner in which each such aid or encouragement was given. O-So-Ezy Mop Co. v. Channell Chemical Co. (D. C.) 230 F. 469.

Except as herein limited, the motion for a further bill of particulars is granted, and an order to that effect may be entered.

In connection with plaintiffs' motion to strike out the second to ninth defenses, inclusive, it appears that the motion is based on the grounds, more specifically referred to hereafter, either that the separate answer is frivolous or sham.

Section 261 of the Civil Practice Act provides that the answer of defendant must contain (1) a general or specific denial of each material allegation of the complaint controverted by defendant or of any knowledge or information thereof sufficient to form a belief, and (2) a statement of new matter constituting a defense or counterclaim; and section 242 states additional facts or more clearly defines the "new matter" referred to in section 261, which must be pleaded to enable the defendant to prove those facts. Defendant must affirmatively plead (1) all matters, not provable under a specific or general denial, which show the action not maintainable; (2) all matters, not provable under a general or specific denial, which show that the transaction is either void or voidable in point of law; (3) all such grounds of defense which, if not raised by the answer, would be likely to take the plaintiff by surprise or would raise issues

of fact not arising out of the complaint, "as, for instance, fraud, statute of limitations, release, payment, facts showing illegality either by statute, common law or statute of frauds." Rule 103 of the Rules of Civil Practice provides that "sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous" matter or that which "may tend to prejudice, embarrass or delay the fair trial of the action" may be stricken out. Rule 105 provides that the motion to strike out under rule 103 must be made within 20 days after service of the answer, unless the time is extended by order of the court on an application therefor.

A defense to be "sham" may be good in form but must be false in fact, and the showing must be so conclusive as to leave no doubt in the mind of the court of its falsity. Goodwin v. Thompson, 88 Hun, 598, 34 N. Y. S. 769; Merritt v. Gouley, 58 Hun, 372, 12 N. Y. S. 132; People v. McCumber, 18 N. Y. 315, 320, 72 Am. Dec. 515. The essential element is its undoubted falsity (People v. McCumber, supra; Winslow v. Ferguson, 1 Lans. 436), and this may be shown by affidavit (Gilbert v. Burnstine, 135 Misc. 305, 310, 237 N. Y. S. 171). See, also, Wayland v. Tysen, 45 N. Y. 281; Thompson v. Erie R. R. Co., 45 N. Y. 468; Howe v. Elwell, 57 App. Div. 357, 67 N. Y. S. 1108. Even though the matter is shown to be false by the moving affidavits, it should not be stricken out if the court is in any doubt that it cannot avail as a defense, or if it, under any contingency, may raise an issue. Ginnel v. Stayner, 71 App. Div. 540, 75 N. Y. S. 887.

Matter contained in an answer is "frivolous" when it conclusively and without the necessity of argument appears bad on its face (Youngs v. Kent, 46 N. Y. 672; Cook v. Warren, 88 N. Y. 37), or is obviously imposed in bad faith (Curran v. Arp, 141 App. Div. 659, 662, 125 N. Y. S. 993), and affidavits may not be received on a motion to strike it out (Dancel v. Goodyear Shoe Mach. Co., 67 App. Div. 498, 73 N. Y. S. 875). If it requires careful examination and argument to answer the matter set up in the defense, it cannot be stricken out as "frivolous." See cases supra; Dominion Nat. Bank of Bristol v. Olympia Cotton Mills et al. (C. C.) 128 F. 181.

In the second and third separate defenses, defendant pleads the New York state statute of limitations, barring an action for breach of contract brought more than six years after the cause of action accrued (Civil Practice Act § 48). The contract between the parties, made and to be performed in New York state, was dated October 17, 1927. Plaintiffs state in their first cause of action set up in the complaint that, by virtue of this contract, defendant received a license "exclusive for thermometer tubing other than clinical and non-exclusive for clinical, in accordance with the terms hereof, under the recited patents to manufacture thermometer tubing in the United States and Canada and to sell tubing for fabrication into thermometers to all licensees of Hespe and/or Tagliabue," and that it breached and violated the contract, among other things, in that "it manufactured and assisted in the manufacture of large quantities of materials within the scope of the said Hespe patents for the use of non-licensees." When this breach occurred does not appear in the complaint, nor was that information demanded by defendant or furnished by plaintiffs in their bill of particulars, and it may have occurred more than six years before the commencement of the action on October 1, 1934. Thus the statute of limitations may be a complete or partial defense according to the facts appearing on the trial. To be availed of, it must be pleaded. Rodger v. Bliss, 130 Misc. 168, 170, 223 N. Y. S. 401. A second breach of the contract is alleged to be a contest by defendant of the validity of the patents of Hespe in violation of an express covenant in the contract that it would not question their validity. It appears from the complaint that this alleged breach occurred through the action of defendant in filing an answer in a suit by Hespe against the Taylor Instrument Company and defendant for infringement of the identical patents mentioned in the contract between the parties at bar and thereafter defending itself in said action. The complaint states that the action was commenced in May, 1928, and plaintiffs' affidavits on this motion show the answer was interposed June 30, 1928, which was more than six years before the commencement of the action at bar. Clearly, these two defenses are not "sham."

In regard to the fourth separate defense, it is doubtful whether the defendant can avail itself of the matters set up. Notwithstanding this, it requires argument and considerable examination of the contract and a sufficiently substantial investigation of all the facts and circumstances to decide that question, and for that reason it is deemed best not to strike the defense out at this time, but to leave the matter open for the

trial and without prejudice to a motion to strike out at the opening of the trial. It is extremely doubtful whether the defendant can defend in this case on the ground that the contract tends to create a monopoly.

Similar observations may be made in regard to the motion to strike out the fifth defense as frivolous. The action referred to was necessarily brought by Hespe against an infringer. Whether or not it was necessary to join the defendant in the infringement action is a question which requires considerable investigation and argument. The extent to which plaintiffs may be estopped, if at all, by the commencement and prosecution of that action claiming damages here is a question to be settled upon the trial, and can only be settled after the testimony is in.

In connection with the motion to strike out the sixth defense on the ground that it is frivolous as well as upon the ground that the matter there set up is res adjudicata depends upon the facts appearing on the trial and upon an examination of the records in the action brought against the Taylor Instrument Company, and sufficient facts are not now before the court to determine the validity of this defense as a matter of law.

The seventh defense contains merely evidential matter and is frivolous and should be stricken out.

The eighth defense cannot be said to be frivolous within the meaning of the authorities above cited. Whether or not there was an election and estoppel binding upon the plaintiffs that may be asserted in this action by virtue of their commencement of the Taylor Instrument Company action cannot be determined as a matter of law without additional facts.

It is claimed by the defendant that the ninth separate defense aims to permit proof that the plaintiffs have suffered no damage because the Hespe patents would have been declared illegal in the Circuit Court of Appeals in the action brought by the plaintiffs against Taylor Instrument Company, irrespective of any position taken by the defendant in that action. It is a fact that the defendant was made a party to the action for infringement which Hespe brought against Taylor Instrument Company, and had a right to protect itself in whatever manner it saw fit. Just what the legal effect of the action of the defendant may be can only be determined upon the trial.

For the reasons above cited, the motion to strike out the defenses will be denied, except as to the seventh, and as to that the motion will be granted, but the denial is without prejudice to the plaintiffs to make similar motions at the time of the trial as they may be advised.

An order embodying the conclusions here reached may be entered.