## DYKEMA v. LIGGETT DRUG CO., Inc.

### No. 1967.

District Court, W. D. New York.
Nov. 21, 1935.

See also (D.C.) 12 F.Supp. 1007.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y., and Byrnes, Stebbins & Blenko, of Pittsburgh, Pa., for plaintiff.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., and Watson, Bristol, Johnson & Leavenworth, of New York City, for defendant.

KNIGHT, District Judge.

Defendant has filed a motion for further and better particulars as to certain matters stated in the bill of complaint. The suit is for patent infringement. The motion is made under Equity Rule 20. Plaintiff objects to answering certain inquiries. These all relate to the particular allegation in the bill of complaint, which reads: "8. The said patented invention, which is of great utility and value, has been extensively applied to practical use by plaintiff and those acting under and by license of plaintiff; other manufacturers have acquiesced in plaintiff's exclusive rights in the same. * * *"

Plaintiff is asked "to give full information" in detail as to the extent to which plaintiff has applied this patent; the construction of the devices embodying the patent used by the plaintiff; the names and addresses of all persons who have used the patent; the names and addresses of all licensees; the extent of sales of the licensees; whether notices similar to those received by defendant were sent to others; replies to notices of infringements sent to other parties, and what "acquiescence" came from any who were informed of plaintiff's patent claims.

These inquiries compass broad grounds. A motion for a bill of particulars under Equity Rule 20 (28 U.S.C.A. following section 723) is in effect a request for an amplification of the pleading. We are not concerned with interrogatories under rule 58 (28 U.S.C.A. following section 723). Equity Rule 25 (28 U.S.C.A. following section 723) requires the pleader to set up "a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence." The purpose of Equity Rule 20 is well stated in Whitaker v. Whitaker Iron Co. (D.C.) 238 F. 980, 994, cited by defendant, in which it is said: "It is apparent at once that resort to this rule may very materially aid a litigant in ascertaining what case he has to meet and prevent him from being taken by surprise at the trial." In Spedding v. Fitzpatrick, 38 Ch.Div. 413, in interpreting the English Rule Order XIX, No. 7 (on which Equity Rule 20 is based), the court used this language: "The object of particulars is to enable the party asking for them to know what case he has to meet at the trial, and so to save unnecessary expense, and avoid allowing parties to be taken by surprise." The defendant here is advised of the "case" he has to meet. On a motion such as we have here, he is not entitled to be advised of the details of proof which will be offered to support the "case."

The ultimate facts are pleaded. The defendant is advised of the nature of the plaintiff's claimed rights of recovery. He cannot be taken by surprise. Defendant is advised that the patents have had large public use by licensees, and that manufacturers have acquiesced in plaintiff's rights under the patents. Defendant asks for the evidence of plaintiff's claim in these respects in amplification of a pleading. In other words, plaintiff is asked to present his proof before trial upon a particular branch of his case. The issues will not be simplified. It is true some expense might be saved. That, however, is not a certainty. The matter of expense alone should not outweigh other valid reasons for denying the relief sought.

A pleading embodying statements as to the matters inquired about would not be a "short and simple statement of the ultimate facts. * * *" The names of witnesses and the particular facts as to which it is expected they will testify should not be required. O-So-Ezy Mop Co. v. Channel Chemical Co. (D.C.) 230 F. 469; Hespe v. Corning Glass Works (D.C.) 9 F.Supp. 725; Midwest Mfg. Co. v. Staynew Filter Corporation (D.C.) 11 F.Supp. 705. The full particulars as to the extent to which a patented device has been utilized should not be required.

The bill of complaint states a complete cause of action, with paragraph 8 omitted. Proofs of the matters set forth in that paragraph may or may not be material on the trial. The allegations are directed to show the large use of the patents in question and general public knowledge of such patents, and relate particularly to the bearing of extensive use and widespread acceptance on the question of invention. However, the

function of a motion for further particulars is to amplify an indefinite pleading. There is not such indefiniteness in the complaint presented that defendant is entitled to the relief sought.

Plaintiff is asked to supply details of construction of devices that have been "made, used or sold by plaintiff." Normally, the patent furnishes such details. If defendant seeks information as to whether the device actually made and sold by plaintiff conforms to the patent specifications, such information is properly secured through interrogatories.

In paragraph 9 of the complaint, knowledge of these patents in defendant and notice to defendant of infringement are alleged. In inquiry No. 10, plaintiff is asked to state whether notice of infringement was sent to others than defendant. This is immaterial. What is said as regards inquiry No. 10 applies equally to inquiry No. 11 which would require the plaintiff to set forth all replies from those to whom plaintiff sent notices of infringement. Whether defendant has infringed, waiving the question of the validity of the patent, depends solely on defendant's acts. The illustrations which defendant makes of the purpose of the inquiries demonstrate that the facts so to be adduced are wholly evidentiary and do not relate to ultimate facts.

As to all the particulars asked in paragraphs numbered 5, 6, 10, 11, and 12, the motion is denied.