**RADTKE PATENTS CORPORATION v. C. J. TAGLIABUE MFG. CO., Inc.**

**No. 549.**

District Court, E. D. New York.

Dec. 28, 1939.

Leonard Day, of New York City (Henry Turin, of New York City, of counsel), for plaintiff.

Briesen & Schrenk, of New York City (Hans V. Briesen, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a motion to strike, under Rule 12 (f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Such a motion is not favored, and will be granted only when the allegations have no possible relation to the controversy. Hansen Packing Co. v. Armour & Co., D.C., 16 F.Supp. 784, 787.

This is true even though the matter is shown to be false by the moving affidavits, as the motion to strike should not be granted if the court is in any doubt that it cannot avail as a defense, or if under any contingency it may raise an issue. Hespe v. Corning Glass Works, Inc., D.C., 9 F. Supp. 725, 728.

I am not in any sense passing on the facts, but it seems to me that they do raise an issue and can be availed of as a defense.

It is true that there may be a question as to whether they should not be separately pleaded, but the motion is not for that remedy, but only to strike.

As I read the portions of the answer, which plaintiff seeks to strike, they clearly show that the defendant pleads as defenses, plaintiff's alleged unclean hands, inequitable conduct, and fraud upon the public.

The defense of unclean hands is a good defense in a patent suit. Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293.

█ Fraud being alleged, the defendant should be permitted liberal defensive pleading.

█ The allegations of the several portions of defendant's answer, which plaintiff seeks to strike, are not impertinent or scandalous, but are material to the several defenses alleged and must be considered by the court.

It must not be forgotten that the individual whose knowledge and acts are alleged in the answer is also alleged to control the plaintiff corporation and not merely that he is its attorney.

The motion to strike is in all respects denied.