UNITED STATES RIFLE & CARTRIDGE COMPANY & Others *v.* WHITNEY ARMS COMPANY & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

Argued March 10, 11, 1886.—Decided April 19, 1886.

The decision of the Commissioner of Patents, granting an application for a patent, a former application for which has been rejected or withdrawn, is not conclusive upon the question of abandonment of the invention in a suit brought for the infringement of the patent.

An inventor, whose application for a patent has been rejected by the Patent Office and withdrawn by him, and who, without substantial reason or ex-

cuse, omits for eight years to reinstate or renew it, during which time many patents embodying the substance of the invention are granted to other persons, must be held to have abandoned the invention.

Bill in equity for the infringement of letters patent. The case is stated in the opinion of the court.

*Mr. Frederic H. Betts* and *Mr. J. E. Hindon Hyde* for appellants.

*Mr. B. F. Thurston* for appellees.

Mr. Justice Gray delivered the opinion of the court.

This was a bill in equity for the infringement of letters patent granted May 7, 1872, to John W. Cochran for an improvement in breech-loading firearms, of which one of the plaintiffs was the owner, and the others were the exclusive licensees. The answer denied that Cochran was the original inventor, and alleged that his application, upon which the letters patent were issued, was made and filed in the Patent Office on May 6, 1868; that for more than two years before that date the thing patented had been in public use and on sale with his consent and allowance; and that long prior to that date the invention had been abandoned by him to the public. A general replication was filed, and evidence taken, by which the material facts appeared to be as follows:

On January 10, 1859, Cochran filed an application for a patent for this invention, which, on February 8, 1859, was rejected by the Commissioner of Patents for want of novelty; and on February 20, 1860, was withdrawn by Cochran, and $20 refunded to him, at his request, agreeably to the act of July 4, 1836, ch. 357, § 7. 5 Stat. 120.

At various dates from November 19, 1861, to February 11, 1868, eighteen patents were granted to other persons for the same devices or their equivalents, and the defendants bought some of those patents, and afterwards manufactured firearms under them.

On May 6, 1868, Cochran filed a new application, which was rejected by the examiners, on the ground of abandonment. On

June 9, 1869, Mr. Commissioner Fisher, on appeal, affirmed their decision. His opinion is published in the Decisions of the Commissioner of Patents for 1869, p. 30. On appeal to the Supreme Court of the District of Columbia, his decision was reversed. On July 7, 1870, he rejected the application. But on December 5, 1870, Cochran filed a formal renewal of his application, under the act of July 8, 1870, ch. 230, § 35; and on May 7, 1872, the patent sued on was granted to him by Mr. Fisher's successor.

During the time between the applications of 1859 and of 1868, Cochran applied for and obtained twenty-two other patents, nine of them for improvements in breech-loading firearms, some of which he sold for considerable sums. He was poor and in debt; but upon the whole evidence it is quite clear that his delay in renewing the application of 1859 was not owing to want of means, but to his regarding this patent as of less value than the others.

The Circuit Court was of opinion that the invention had been abandoned before May, 1868, and therefore entered a decree dismissing the bill. 14 Blatchford, 94; S. C., 2 Banning & Arden, 493. From that decree this appeal is taken.

The renewal of Cochran's application on December 5, 1870, was under the provision of the act of July 8, 1870, ch. 230, § 35, which allowed any inventor, whose application for a patent had been rejected or withdrawn before the passage of that act, to renew it within six months after its passage; and provided that upon the hearing of such renewed application abandonment should be considered as a question of fact. 16 Stat. 202.

The rules of law which must govern this case are clearly established by the judgment of this court in *Planing Machine Co.* v. *Keith*, 101 U. S. 479. The decision of the Commissioner in favor of the applicant, upon the question whether the invention has been abandoned, is not conclusive, but may be contested and reviewed in a suit brought for the infringement of the patent. There may be an abandonment of an invention to the public, as well after an application has been rejected or withdrawn, as before any application is made. Such abandonment

may be proved either by express declarations of an intention to abandon, or by conduct inconsistent with any other conclusion. An inventor, whose application for a patent has been rejected, and who, without substantial reason or excuse, omits for many years to take any step to reinstate or renew it, must be held to have acquiesced in its rejection, and to have abandoned any intention of further prosecuting his claim.

In the case at bar, the first application was both rejected by the Commissioner and withdrawn by the applicant; and the question presented is well put in the opinion of Mr. Commissioner Fisher, above referred to: "Can an inventor withdraw his application, make no effort to renew it for eight years, during which time the subject-matter of the invention has been incorporated into the substance of many other subsequent inventions, and then file a new application and obtain a patent, which, to support the novelty of the invention, shall relate back to the first application?" We concur with him and with the Circuit Court in deciding that an inventor cannot do this.

*Decree affirmed.*