## WILLIAMSON HEATER CO. et al. v. MONITOR STOVE CO.

(District Court, S. D. Ohio, W. D. July 14, 1922.)

### No. 232.

1. **Patents ⬮328—1,171,245, for pipeless furnace, not infringed.**
   The Rainey patent, No. 1,171,245, claim 2, for a triple casing pipeless furnace in which one of the casings is suspended from a ring mounted on the top of another casing, *held* not infringed.

2. **Patents ⬮16—Supporting furnace casing concentrically by rings provided with lugs held not to involve invention.**
   Where rings as means for supporting or uniting furnace sections were old, and the use of rings bearing lugs was so common that they were made and sold to furnace builders with the lugs already attached, no invention was involved in supporting a casing concentrically on a ring provided with a flange or lugs.

3. **Patents ⬮73—Patentee must carry date of invention back to anticipating use by convincing evidence.**
   Where an anticipatory device is shown beyond a reasonable doubt to have been in use prior to an application for a patent, the burden rests on the patentee to carry the date of his invention back to a time antedating such use by satisfactory and convincing proof.

4. **Patents ⬮62—Evidence held insufficient to carry date of invention back of defendant's use of infringing structure.**
   In suit for infringement of patent for triple casing pipeless furnace, evidence *held* insufficient to show invention prior to the beginning of defendant's use of the infringing furnace.

5. **Patents ⬮168(2)—Patentee cannot claim that which he relinquished to induce issuance of patent.**
   The holder of a patent cannot, as against the public, claim a monopoly in that which the patentee relinquished in the Patent Office to induce the issuance of the patent on which suit is brought.

6. **Patents ⬮328—933,128, for heater, held not infringed.**
   The Short patent, No. 933,128, claim 1, for a heater, *held* limited to one depending from a floor of a room, as distinguished from a furnace designated to heat an entire house and standing on the basement floor in the ordinary way, and, as so limited, not infringed.

In Equity. Suit by the Williamson Heater Company and another against the Monitor Stove Company, with counterclaim by defendant against plaintiffs. Bill and counterclaim dismissed.

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Walter F. Murray and Alfred M. Allen, both of Cincinnati, Ohio, Frederick F. Church, of Rochester, N. Y., and Arthur L. Morsell, of Milwaukee, Wis., for plaintiffs.

William R. Wood and Joseph S. Graydon, both of Cincinnati, Ohio, for defendant.

PECK, District Judge. Suit for infringement of claim 2 of patent No. 1,171,245, to Boyd E. Rainey, February 8, 1916, hot air furnace, on application of December 7, 1914. The answer, inter alia, denies infringement and avers limitation by file wrapper.

Counterclaim: Defendant counterclaims on patent to Short, No. 933,128, September 7, 1909, on application of November 15, 1906. The answer to counterclaim denies infringement, and asserts estoppel by the file wrapper and other defenses.

### The Rainey Patent.

[1] The first issue to be considered is that of infringement. The essence of the claim in controversy is (in combination with the other well-known features of a triple casing pipeless furnace):

"A ring on said inner casing, a casing spaced from said inner casing and suspended from said ring and forming an insulating space between said inner and outer jackets."

The specification describes a continuous ring of T-section resting on and capping the inside casing, to which it may be attached by a few bolts, and a casing hung from this ring in spaced relation to the inside casing to provide an inside air space. The operation is thus described: The cold air enters the annular section and travels downwardly within the outer jacket, and upwardly within the inner jacket, and issues into the room through the central section. In the defendant's construction the third casing is supported by lugs on a ring bolted to the bottom of the second casing, this ring being supported by a brace or leg from below.

It is claimed by plaintiff that the defendant's ring, bearing lugs which support the third casing at the bottom, is the equivalent of the construction claimed by Rainey in the form of a ring at the top of the second casing, from which the third casing is suspended. That the soundness of this contention is dependent upon the range of equivalency allowable is obvious. The range of equivalents is to be determined by the extent of the invention, and in order to ascertain that it is necessary to have reference to the prior art.

[2] The single register or so-called pipeless furnace was old at the date Rainey asserts for his invention—June, 1913. Rings as means for supporting or uniting furnace casing sections were old. It was old to put lugs upon such rings; indeed, the use of such rings bearing lugs was so common that the rings were made and sold to furnace builders with the lugs already attached as a convenient means for fastening whatever there might be to fasten in the setting up of the furnace. The use of a double casing, with an intermediate air space, for insulation purposes, in furnace construction generally, was old.

and it was old to construct such air space as a live air space, permitting the air to flow upwardly through it and thus contribute to the volume of warmed air used in heating the house. Monitor Range Co. v. L. J. Mueller Furnace Co., 254 Fed. 62, 66, 165 C. C. A. 472. The Carton catalogue of 1884 shows a furnace so double-jacketed by concentric casings supported and spaced by a ring. The L. J. Mueller Company's catalogue of 1885 shows similar construction. Therefore it is thought that it involved nothing more than the use of familiar means and the ordinary skill of the mechanic to support casings concentrically upon a ring provided with a flange or lugs. The inventive step, if there was one, of suspending concentrically an interior casing from a ring mounted upon the top of an exterior casing, certainly did not embrace any and all means of supporting concentric furnace casings upon a ring.

It is further to be noted that the evidence shows that the Monitor Furnace Company had upon the market in the year 1914, prior to December 7, the date of Rainey's application, a triple-jacketed furnace containing the construction now alleged to infringe. This is established by the testimony of witnesses and by catalogues and documents to be true beyond reasonable doubt. The plaintiff endeavors to carry Rainey's invention further back, so as to antedate the practice of the Monitor Company thus established. To this end plaintiff has offered the evidence of Rainey, tending to show that he devised the construction in question in the month of June, 1913, as the result of an idea previously worked out with regard to a small heater for refrigerating cars, in which concentric cylinders were used to keep the exterior cool; that he and one Gallagher (who corroborates him) constructed and set up such a furnace in his place of business in St. Louis in that month; that he kept the interior construction secret until August, 1914, when he sold the furnace and installed it in the house of one Hays at Kirkwood, Mo. This is met by evidence offered by the defendant tending to show that Rainey's partner and salesman called his attention to the Monitor triple casing furnace in the summer of 1914; that thereafter, in September of that year, he had one Shubert build for him such a furnace, following a cut shown in the Monitor Company's catalogue of its Caloric furnace. There are circumstances tending to corroborate each of these contentions.

That a triple casing furnace was sold to Hays at Kirkwood, and probably in the fall of 1914, is established. On the other hand, the date of its manufacture is not so clear. In April, 1914, Rainey was an applicant for a patent upon certain details of a pipeless furnace, but did not disclose therein his alleged triple casing invention. It is difficult to accept his explanation that he did not wish to bring the latter out until he had disposed of certain double-jacketed furnaces that he had on hand, as the time ordinarily consumed for the prosecution of the application would have given him sufficient opportunity to do this. Furthermore, the same motive would have led to the concealment of the other invention. In addition, Rainey testifies that he made no test or trial of his alleged invention during the 14 months that he claims the new furnace stood upon his floor; that he knew it

would work, because his car heater worked. But his car heater was not closely analogous; and it seems remarkable that one so interested should fail to try the product of his own invention during such a space of time. Neither Rainey nor Gallagher was a tinsmith or a practical furnace mechanic, draftsman, or designer. Rainey's testimony as given in court was not impressive.

[3, 4] Where an anticipatory device is shown beyond reasonable doubt to have been in use prior to the application for a patent, the burden rests upon the patentee to carry the date of his invention back to a time antedating such use by satisfactory and convincing proof. Torrey v. Hancock (C. C. A. 8) 184 Fed. 61, 107 C. C. A. 79; Consolidated, etc., Equipment Co. v. Adams & Westlake, 161 Fed. 343, 88 C. C. A. 355. Rainey has not brought forward the degree of proof required by this rule to take his date back of that of the Monitor Company, with regard to the type of construction now asserted to infringe, as an equivalent of that claimed in his patent. Inasmuch, also, as the use of the live air space by the Monitor Company is not successfully antedated by Rainey, the language, "forming an insulating space between said inner and outer jackets," as used in the claim in question, cannot be regarded as describing the inventive step determinative of the range of equivalents.

[5] Furthermore, the file wrapper history shows that Rainey originally claimed "a casing spaced from and supported by said inner casing," in combination with other features. This claim was rejected, and in that rejection he acquiesced. He substituted his present claim, specifying "a casing spaced from said inner casing and suspended from said ring," etc. His solicitor presented a memorandum to the effect that the double casing as an insulating means was not claimed, but that the applicant—

"claims a constructional feature in which the insulating casing is hung from the inner casing. This is an important feature, since it is possible with this construction to first assemble the inner casing, and then, after the same is assembled, hang the insulating casing in place, and fasten and suspend it from the ring."

And so the claim was allowed. Rainey and his assignee are therefore estopped to claim, as against the public, a monopoly which he relinquished in the Patent Office to induce the issuance of the letters on which this suit is brought. It is found that the utmost which can be accorded to the patentee upon this claim is not sufficient to embrace the defendant's construction, and that there is no infringement shown. Consequently the bill must be dismissed.

[6] As to the counterclaim: Claim 1 of the Short patent, at the first view, would seem all-embracing as to the triple jacket pipeless furnace. But, as held in the case of Monitor Stove & Range Co. v. L. J. Mueller Furnace Co. (C. C. A. 7) 254 Fed. 62, 165 C. C. A. 472, this claim is limited by its terms, when read in the light of the file wrapper record, to a heater depending from the floor of a room, and does not embrace a furnace designed to heat an entire house and standing on the floor of the basement in the ordinary way. It is

found, therefore, that the Short patent is not infringed by the plaintiff, and accordingly the counterclaim must be dismissed.

The costs on the bill are adjudged against the plaintiff, and on the counterclaim against the defendant.