# CASES

## ARGUED AND DETERMINED

IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

**MONITOR STOVE CO. et al. v. WILLIAMSON HEATER CO.**

**MONITOR STOVE CO. v. WILLIAMSON HEATER CO. et al.**

(Circuit Court of Appeals, Sixth Circuit.   June 12, 1924.)

Nos. 3916, 3943.

1. **Patents ⬡168(2)—Successive applications considered together in considering patent granted.**
   Three successive applications by the same applicant, the first two of which were denied, should be considered as one in construing the patent issued on the third, and a feature disallowed as unpatentable on the previous applications cannot be read into the patent granted, to narrow unambiguous claims.

2. **Patents ⬡328—1,002,776, for furnace, held void for lack of invention.**
   The Strong patent, No. 1,002,776, for a hot-air furnace, *held* void for lack of invention.

3. **Patents ⬡328—1,346,801, for furnace, held void for lack of invention.**
   The Doyle & Wollenhaupt patent, No. 1,346,801, for a hot-air furnace, claim 2, *held* void for lack of invention.

4. **Patents ⬡328—933,128, for heater, held not infringed.**
   The Short patent, No. 933,128, for a heater, claim 1, is limited to a heater suspended from the floor, and, as so limited, *held* not infringed.

Appeals from the District Court of the United States for the Southern District of Ohio; John W. Peck, Judge.

Suit in equity by the Monitor Stove Company and another against the Williamson Heater Company.   Decree for defendant, and complainants appeal.   Affirmed.

Also suit in equity by the Williamson Heater Company and another against the Monitor Stove Company.   From a decree dismissing a counterclaim, defendant appeals.   Affirmed.

For opinions below, see 282 Fed. 906, 910.

---

Wm. R. Wood, of Cincinnati, Ohio (Joseph S. Graydon and George H. Hermerding, all of Cincinnati, Ohio, on the brief), for appellants.

Walter F. Murray and Alfred M. Allen, both of Cincinnati, Ohio, for appellees.

Before DENISON and DONAHUE, Circuit Judges, and SIMONS, District Judge.

DONAHUE, Circuit Judge. No. 3916 is an appeal by plaintiffs from a decree of the District Court adjudging patent No. 1,002,776, issued September 5, 1911, to S. D. Strong, and claim 2 of patent No. 1,346,801, issued July 3, 1920, to the Monitor Stove & Range Company, of Cincinnati, Ohio, assignee of Wm. J. Doyle and Justus J. Wollenhaupt, invalid for lack of novelty and invention, and dismissing the bill of complaint charging appellees with infringement. Both of these patents relate to hot-air furnaces.

The opinion of the District Court (282 Fed. 910) fully states the nature and purposes of the claimed inventions covered by these patents, describes in detail the commercial structures manufactured thereunder, reviews at length the prior patent art, and fully states the reasons upon which its conclusions are based. It is therefore unnecessary for this court to burden the reports with a restatement of these matters, except in so far as may be necessary in the consideration of the particular propositions stated in that opinion, the correctness of which is challenged by counsel for appellant.

It is claimed that this opinion of the trial court is inconsistent, in that it finds that Strong was the first to introduce the pipeless furnace commercially; that his work was one of great benefit to the public, as well as to the furnace industry art, but nevertheless finds his patent invalid for want of invention. There is nothing inconsistent in these statements and the findings and conclusion of the court as to the invalidity of the Strong patent. Strong may have been the first to meet with commercial success in the introduction of the pipeless furnace into general use, and yet have had nothing whatever to do with inventing the same. Even if he were the real inventor of the pipeless furnace, but failed to obtain a patent thereon, the court in an infringement proceeding cannot grant patent protection denied him by the Commissioner of Patents.

Counsel for appellant very fairly state in their brief the proposition that is vital to the disposition of this case in this language:

"If Strong's patent be regarded as simply a detail means for securing the casings in relation to a heater body, and so given no benefit of Strong's disclosure of a pipeless furnace and the particular value of the combination in a pipeless furnace, then there is little invention to be found in such disassociated assembly of conventional furnace parts and casings."

Unfortunately for appellant, that is the exact situation. In 1909, Strong undoubtedly believed that he was the inventor of the pipeless furnace, and on January 11th of that year he filed an application for a patent covering his supposed invention, but the claims were rejected by the Patent Office. They were amended, and again rejected, and the

application was abandoned. On February 24, 1910, he filed another application, containing more limited claims as to structural detail; but these claims were also rejected by the Examiner upon reference. Strong did not further amend, and the second application was also abandoned. In March, 1911, he filed an application for the patent in suit, and in his claims made no reference whatever to a pipeless furnace, but, on the contrary, simply limited them to "detail means for securing the casings in relation to a heater body." So far as these claims are concerned, they are equally applicable to any type of hot-air furnace. It is true that his patent drawings and specifications show the application of his claimed invention to a pipeless furnace, and it is now insisted that, by reason of his claim that he was the original inventor of a pipeless furnace, the claims of this patent should not be broadly construed to include any type of hot-air furnace.

[1] If it might be conceded that under a different state of facts and circumstances a court would be justified in disregarding the primary rule that a limitation cannot be read into an unambiguous claim in order to save it, and the application of the subordinate rule that a claim similarly clear may sometimes, in aid of the validity of the patent, be restricted by the specifications, yet the history of this case would not justify such construction. The three successive applications should for this purpose be considered as one. Godfrey v. Eames, 1 Wall. (68 U. S.) 317, 17 L. Ed. 684; Lewis Blind-Stitch Machine Co. v. Arbetter Felling Machine Co. (D. C.) 208 Fed. 992.

Strong had twice attempted to obtain the allowance of claims based upon the patentability of the pipeless feature, and twice had been rejected upon the holding that this feature was unpatentable. He then abandoned his efforts in that direction, and filed this application, and accepted the allowance of claims covering the recessed front feature in any kind of a double casing furnace. This was a clear acquiescence by him in the ruling that the pipeless feature was not a patentable invention, and is practically conclusive that the extension of the claims of this patent to any kind of a double casing front was not that mere inadvertence which courts may sometimes disregard, but was with a deliberate purpose to claim the monopoly now found to be unpatentable. It necessarily follows that he cannot now support the novelty of the invention covered by this patent by such a construction of his claims as would include the features described and the claims disallowed in his first and second applications. Rifle & Cartridge Co. v. Arms Co., 118 U. S. 22, 25, 6 Sup. Ct. 950, 30 L. Ed. 53.

[2, 3] In this respect the claims of the Strong patent materially differ from the claim of the Short patent, No. 933,128, in that the limitation of the claim in the Short patent to the specifications and drawings does not conflict with any prior action taken by the Patent Office in reference to that invention.

The claim that the court erred in receiving and considering the testimony of Doyle that he and Wollenhaupt were not the inventors of the improvement in hot-air furnaces described in their joint application for patent 1,346,801, is not of serious importance, for, even if the testimony of Doyle and of others to the same effect be wholly disre-

garded, the result must be the same. We are not satisfied that the double casing involved any substantial invention over the prior art.

[4] Appeal No. 3,943, heard and submitted with No. 3,916, involves the question of infringement of claim 1 of the Short patent, No. 933,128, issued September 7, 1909, as charged in the counterclaim of the Monitor Stove Company, defendant in an action brought against it by the Williamson Heater Company and the Morrill-Higgins Company for infringement of the Rainey patent, No. 1,171,245, for certain improvements in hot air furnaces. The plaintiffs are the joint owners of that patent. The trial court found that the Short patent was not infringed, and from this decree the defendant prosecutes an appeal.

While these cases were heard together in the District Court, a separate opinion of that court is published in 282 Fed. 906. The infringement of claim 1 of the Short patent was also involved in Monitor Stove & Range Co. v. L. J. Mueller Furnace Company, 254 Fed. 62, 165 C. C. A. 472, in which case the Circuit Court of Appeals of the Seventh Circuit fully discusses the nature and scope of the Short patent, and for reasons stated, and which need not here be repeated, limited this claim to the specific form of floor heater therein described for heating one room, and that this claim was not infringed by a pipeless furnace resting on the basement floor and intended for heating the entire house.

Every claim of this patent, excepting the first, calls for means for suspending from the floor as one of the elements. The first claim omits that element. Ordinarily in such a case the settled rule of construction forbids importing the element so excluded. This is upon the theory that such exclusion implies the intent that the claim is not to be limited by the element omitted. In this case, however, the file wrapper history discloses that it was not the intent of the inventor to omit this element. On the contrary, the Examiner suggested that this element was twice included in the claim, and to meet this objection the applicant omitted from the claim "means for suspending." This, in effect, was a declaration that the applicant intended to claim an outer casing, which was also the means for suspending.

For the reasons stated, the judgment of the District Court in each of the above cases is affirmed.