### KLING v. HARING.*

(Court of Appeals of District of Columbia. Submitted November 9, 1925. Decided February 1, 1926.)

No. 1739.

1. Patents ⚖=86, 107, 191—Application for patent or invention may be abandoned, but patent, once issued, continues in force, whether used or not.

Under Rev. St. § 4894 (Comp. St. § 9438), application for patent and right to invention may be abandoned before issue of patent, although patent, once issued, continues in force, whether patentee uses or fails to use his invention.

2. Patents ⚖=86—German patentee's loss of rights held not to affect his rights under Nolan Act.

German patentee's abandonment or loss of rights, by failure to pay his fourth year fee, held not to affect his constructive reduction to practice as of effective date of German patent, and resulting prima facie priority of invention thereby established, or deprive him of rights under Nolan Act (Comp. St. Supp. 1925, § 9431a et seq.) and Rev. St. §§ 4886, 4887 (Comp. St. §§ 9430, 9431).

*Certiorari denied 46 S. Ct. 485, 70 L. Ed. ——.

3. Patents ⚖=91(1)—Where party to interference proceeding establishes prima facie priority, adverse party has burden of proof of his right thereto.

Where party to interference proceeding established a constructive reduction to practice by foreign patent a prima facie priority of invention, burden was on adverse party to disprove such priority.

4. Constitutional law ⚖=93(1)—Mere issuance of patent does not give patentee vested rights.

Mere issuance of patent does not give patentee vested rights, which cannot be affected by change in law, in view of Rev. St. §§ 4904, 4915 (Comp. St. §§ 9449, 9460), affecting rights of subsequent applicants.

5. Constitutional law ⚖=278(1)—Patents ⚖= 133—Nolan Act, extending statutory limitations, held not invalid.

Proceeding under Nolan Act, extending limitations prescribed by Rev. St. § 4887 (Comp. St. § 9431), accomplish no more than a determination of right to invention, and act does not violate property rights, in contravention of Const. art. 1, § 8, or Amendment 5.

6. Patents ⚖=2—Congress has power to prescribe to whom and on what terms and conditions patent may be issued.

It is within congressional power to prescribe to whom, and on what terms and conditions patent may be issued, and proceedings to be taken after its issuance.

Appeal from Commissioner of Patents.

Interference proceeding between Fred E. Kling and Fritz Haring. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

D. P. Wolhaupter, of Washington, D. C., for appellant.

Ralph Munden and H. M. Huxley, both of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Judge. On the 11th of September, 1914, Fritz Haring filed an application in Germany to patent a means and method for the cleaning of blast furnace gases. On that application a patent dated October 6, 1916, was issued and made effective as of September 11, 1914.

Fred E. Kling on the 11th of December, 1915, filed an application in the United States for letters patent on an improvement in the means of separating dust from furnace gases, particularly the dust resulting from the operation of blast furnaces. That both applications disclosed and claimed the same invention is not disputed. Kling's applica-

tion for a patent was granted by the United States Patent Office, and a patent was issued to him on February 13, 1917.

On the 26th of August, 1921, Haring filed in the United States Patent Office an application to patent the subject-matter of his German patent, and the result of filing that application was the declaration of an interference between said application and the patent granted to Kling. During the pendency of the interference proceeding, a motion was made to shift the burden of proof from Haring to Kling, on the ground that Haring's application for a patent was filed in Germany prior to the filing of the application by Kling in the United States. That motion was granted, and it was held that Haring was entitled to September 11, 1914, as the date of his constructive reduction to practice. As that date was prior to the earliest date alleged by Kling in his preliminary statement, Kling was required to show cause within 30 days why a judgment should not be entered against him.

Kling insisted that he had a right to submit evidence that Haring was not in fact the inventor of the subject-matter of the German application, and to present evidence to overcome the prima facie case made by Haring because of his German filing date. Kling's right to meet the prima facie case made against him was recognized by the Examiner of Interferences, but attention was called to the fact that Kling's petition for leave to make a showing made no statement as to what he expected to prove, or the names of the witnesses by whom he expected to make such proof. Kling's motion to present evidence to overcome the prima facie case made by Haring was therefore denied without prejudice to the renewal of the motion, accompanied by a satisfactory showing. Apparently no such showing was attempted, and on the 19th of September Kling moved that the burden of proof be shifted back to Haring, on the ground that the patent accruing to Haring expired in the year 1919, because of Haring's failure to pay the fourth year fee. Kling's motion to shift the burden of proof resulted in a motion for judgment on the record by Haring. That motion was granted on the 23d of October, 1923, and priority of invention of the subject-matter of the issue was awarded to Haring, the senior party. That decision, on appeal to the Examiners in Chief, was affirmed on the 22d of October, 1923, and their decision was affirmed by the Commissioner on the 22d of May, 1924.

From the decision of the Commissioner, this appeal was taken by Kling, and in support of his appeal he now contends, first, that Haring, by his failure to pay the tax, abandoned in 1919 the patent which was granted to him on October 6, 1916, and that, his patent having expired, he had no right to file an application for a patent in the United States; second, that Kling's right to the invention vested in him when a patent was issued to him on February 17, 1917, and that on that date he became entitled to the exclusive right to the invention; third, that he could not be divested of that right by any change in the law in force at the time the patent was issued; fourth, that the Nolan Act, which changed and extended the limitations prescribed by section 4887 of the Revised Statutes (Comp. St. § 9430), is unconstitutional and void, in that it is violative of the Fifth Amendment and section 8 of article 1 of the Constitution. We cannot agree with any of the contentions of the appellant.

[1, 2] Haring, by failing to pay the fourth annual fee, may have in the year 1919 forfeited or abandoned to the public his German patent, but, from the fact that he lost the patent rights, privileges, and advantages conferred by German laws, it does not follow at all that he lost the rights, privileges, and advantages granted by the patent laws of this country. In the United States an application for a patent and the right to an invention may be abandoned before the issuance of a patent. R. S. § 4894, 39 Stats. 348 (Comp. St. § 9438); Pennock et al. v. Dialogue, 2 Pet. 1, 15, 19, 23, 7 L. Ed. 327; Shaw v. Cooper, 7 Pet. 292, 319, 320, 321, 322, 8 L. Ed. 689; Kendall et al. v. Winsor, 21 How. 322, 328, 16 L. Ed. 165; United States Rifle & Cartridge Co. v. Whitney Arms Co., 6 S. Ct. 950, 118 U. S. 22, 24, 25, 30 L. Ed. 53; Planing-Machine Co. v. Keith, 101 U. S. 479, 485, 25 L. Ed. 939.

We are free to confess, however, that we know of no such thing as the abandonment of a patent legally issued. Under our laws rights legally conferred by a patent continue in force during the lifetime of the patent, regardless of whether the patentee uses or fails to use his invention. Haring's patent may have lapsed or have been forfeited by reason of nonpayment of fees or taxes, but it did not expire, in the sense that the term for which it was granted had ended.

Section 4887 of the Revised Statutes originally read in part as follows:

"Sec. 4887. * * * But every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time

with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years."

That provision was apparently designed to make the patent issued in this country expire on the same date as that prescribed for the expiration of the foreign patent, and did not contemplate the lapse or forfeiture of the foreign patent before the expiration of the term for which it was granted. Pohl v. Anchor Brewing Co., 10 S. Ct. 577, 134 U. S. 381–386, 33 L. Ed. 953. But, however that may be, the provision just quoted was eliminated by the Act of March 3, 1903, which amended section 4887 of the Revised Statutes. See 32 Stat. 1225 (Comp. St. § 9431).

Haring's filing of his application in Germany on the 11th of September, 1914, was a constructive reduction to practice, and prima facie established priority of invention over Kling, inasmuch as Kling did not file his application in the United States until the 11th of December, 1915. Haring's rights under the Nolan Act, and under section 4886 and 4887 of the Revised Statutes, as amended (Comp. St. §§ 9430, 9431), was not dependent on the outcome of his German application. The granting, denial, lapsing, or abandonment of that application could not and did not affect his constructive reduction to practice on the 11th of September, 1914, or the resulting prima facie priority of invention thereby established. National Metallurgic Co. v. Whitman, 35 App. D. C. 420, 422, 423.

The rights of priority specified in section 4887 of the Revised Statutes, which rights had not expired on the 1st day of August, 1914, or which arose thereafter, were extended by the Nolan Act until September 3, 1921. That act expressly provided that a patent should not be refused on an application coming within its provisions and that a patent granted on such application should not be held invalid by reason of the invention having been patented or described in any printed publication, or in public use or on sale in the United States, prior to the filing of the application, unless such patent or publication or such public use or sale, was *prior to the filing of the foreign application,* upon which the right of priority was based.

Haring's rights of priority had not expired on the 1st of August, 1914, in view of the fact that he filed his application in Germany on the 11th of September, 1914, on which date his invention was constructively reduced to practice and his priority of invention prima facie established. Haring's application for a patent was filed in the United States Patent Office on the 26th of August, 1921, and was therefore filed well within the six months' extension granted by the Nolan Act.

[3] The burden of proving that Haring was not the prior inventor was on Kling, and Kling's motion to shift that burden to Haring was therefore properly denied. Kling having failed to introduce any evidence whatever showing or tending to show that Haring was not the prior inventor, the award of priority to Haring, the senior party, was correct, and cannot be disturbed.

[4] The contention that Kling had a vested right in his patent, which could not be affected by changing the law in force at the time the patent was issued, is not well founded. The mere issuance of a patent by the Patent Office does not conclusively and finally determine the rights under the patent. After a patent is issued, any person claiming to be the prior inventor may file his application for the patented invention, and it is the duty of the Patent Office to determine the question of priority of invention in appropriate interference proceedings. After hearing the parties in such proceedings, the Patent Office may adjudge that a subsequent applicant is the prior inventor, and issue to him a patent, if the proven facts warrant that conclusion. R. S. § 4904 (Comp. St. § 9449).

More than that, after the subsequent applicant has been finally refused a patent in the interference proceedings, he may resort to a bill in equity for relief. The court having cognizance of the bill may adjudge that the applicant is entitled to receive a patent for his invention, and authorize the Commissioner to issue to the applicant a patent on the filing of a copy of the adjudication in the Patent Office. R. S. § 4915 (Comp. St. § 9460). It can hardly be said, therefore, that the rights of the patentee are conclusively and finally established by the issuance of a patent. It may be that, after *all* the proceedings prescribed by the statute have been taken, the rights of an inventor must be regarded as finally settled, adjudged and determined, but it can hardly be said that the mere issuance of a patent is a final adjudication of his rights, which cannot be questioned.

[5, 6] The right to a patent is purely statutory, and it was clearly within the constitutional power of Congress to prescribe to whom a patent should issue, upon what terms

and conditions a patent should issue, and the proceeding to be taken after its issuance. That exercise of power by the Congress, far from being a violation of section 8 of article 1 of the Constitution, is in strict accordance with it, inasmuch as such terms, conditions, and proceedings are designed to secure to the real inventor the exclusive right to his discovery or invention.

Neither can it be successfully contended that the exercise of the powers conferred by Congress and the taking of the proceedings prescribed by law constitute a violation of the Fifth Amendment. The powers granted and the proceedings provided for deprive no person of his property, in view of the fact that they are designed to accomplish, and accomplish, nothing more than the determination of the right to the invention, and the right to enjoy its benefits for the limited period prescribed.

The decision appealed from is affirmed.