### MIDWEST MFG. CO., Inc., v. STAYNEW FILTER CORPORATION.

No. 771.

District Court, W. D. New York.

July 31, 1935.

See, also, 7 F. Supp. 360.

Edward H. Cumpston, of Rochester, N. Y., and Arthur F. Robert, of Louisville, Ky., for plaintiff.

John Van Voorhis' Sons, of Rochester, N. Y., for defendant.

RIPPEY, District Judge.

This is an action for an infringement of United States letters patent No. 1,521,575, issued December 30, 1924. The action was commenced on September 19, 1931. Answer was filed January 30, 1932. On May 11, 1934, a motion was made by plaintiff

for leave to file a voluntary bill of particulars. This motion was denied in part and granted in part by order signed July 3, 1934. On November 2, 1934, upon application of plaintiff, plaintiff was granted leave to file an amended bill of complaint, which was filed on November 3, 1934. On May 13, 1935, an order was made, upon application of plaintiff, permitting the plaintiff to file a second amended bill of complaint. The defendant has not answered the second amended bill of complaint, it being stipulated that defendant may have a reasonable time after the decision of the motions hereafter referred to, within which to file such an answer. The court fixes the time within which such an answer must be filed as ten days after the date of the filing of the order upon this decision. By written stipulation the defendant was given until July 13th in which to file such an answer.

On March 25, 1935, a motion was made by plaintiff for an order for letters rogatory to Hans Wittemeier and to Heinrich Wittemeyer, residents of Germany. This motion was made, first, upon the pleadings as they stood prior to the second amended bill of complaint. On July 8, 1935, motions by defendant for a bill of particulars upon the second amended bill of complaint and to strike out portions of the complaint were argued and submitted.

 Defendant moves to strike out portions of paragraphs 2 (a) and 2 (b) on the ground that the same are not pertinent to the issue, are irrelevant and immaterial, and tend to confuse the issue. The cause of action arises exclusively out of the alleged infringement of the United States letters patent above referred to, on improvements in filters for purifying air. The application for the letters was filed in the United States Patent Office on January 5, 1921. Under subdivisions (a) and (b) of paragraph "2" of the second amended complaint, plaintiff alleges in substance that Hans Wittemeier filed two applications for letters patent in Germany, the first on July 28, 1915, which disclosed the subject-matter defined by claims 1 to 4, inclusive, and 6 of the patent in suit, and the second on February 15, 1919, which disclosed the subject-matter defined by claims 5, 7, and 8 of the patent in suit, the purpose being to establish rights of priority. The filing of these applications in Germany was a constructive reduction to practice, and prima facie established priority of inven-

tion. The application in the United States Patent Office was filed under what is known as the Nolan Act (35 USCA § 80 et seq.), which extended priority rights for filing applications for a period of six months from March 3, 1921, to citizens of the United States or to citizens or subjects of all countries which had extended or should extend substantially reciprocal privileges to citizens of the United States, where such rights had not expired on August 1st or had arisen since that date. Germany was a convention country during the application period involved in this action which afforded reciprocal Nolan Act privileges to citizens of the United States, and the plaintiff is entitled to the privileges of the Nolan Act. The Nolan Act extended the time for filing otherwise provided for by section 4887 of the Revised Statutes, as amended (35 USCA § 32), which limited the time for filing in the United States to a period within twelve months from the earliest date of the filing of the foreign application. It is not material what happened to the German applications subsequent to the filing thereof. Kling v. Haring, 56 App. D. C. 153, 11 F.(2d) 202. Plaintiff is entitled to establish, under the allegations of the complaint in question, the date of the filing of the two applications and the contents thereof, on the subject of priority. No answer having been filed, it is impossible to say whether the question of priority will be in issue, and, although that portion of the allegation in the two paragraphs of the complaint in question as to the issuance of patents on those applications may be deemed immaterial, it may be treated as surplusage on the trial. Whether or not the matter contained in the applications constitutes a disclosure and a constructive reduction to practice of the invention covered by the patent in suit is a material question, and the portions of the paragraphs in question which relate to the subject-matter of those applications, as covering the subject-matter of the claims above referred to in the patent in suit, cannot be stricken out. The motion to strike out will therefore be denied.

 Plaintiff has moved for letters rogatory, to take the testimony of Hans Wittemeier, who resides in Berlin-Halensee, Germany, and the testimony of Heinrich Wittemeyer, residing in Hamburg, Germany, by whose testimony the plaintiff proposes to prove filing of the applications

for letters patent in Germany and the relation of the Deutsche Luftfilter Baugesellschaft to Hans Wittemeier. Plaintiff shows that neither witness can be produced at the trial of the action, and, further, that the health of Hans Wittemeier is not good. There is no showing that the witness is aged and infirm, or that the plaintiff may be unable to later procure the testimony, or that it is necessary to procure the testimony for the purpose of preserving it for the trial of the action.

This motion was made when this case was at issue by the filing of the first amended bill of complaint and answer. The issue is now to be made on the second amended bill of complaint, and there has been no answer filed, as above indicated. The pleading prior to the filing of the second amended bill of complaint cannot define the issue to be tried in this action. It is not now certain what, if any, issue there will be on the question of priority, and it cannot now be determined whether it will be necessary for plaintiff to have the testimony of the witnesses in question. Until issue is joined, the motion for letters rogatory is premature, in the absence of a showing that the testimony may be lost unless forthwith taken. Plaintiff insists, however, that the issue as to the filing of the applications in Germany was made by the original bill of complaint and answer; if not, certainly by the first amended bill of complaint and the answer. The allegation in the second amended bill of complaint in regard to filing the applications is in substantially the same form as in the original bill of complaint. It differs only in the matter of detail. The contention of the plaintiff would be true under the federal practice, except for the fact that plaintiff has not followed that practice. The proper practice in making an amendment to a bill of complaint is to have the amendment allowed, and not to serve a new bill of complaint repeating therein all of the allegations of the original bill plus the amendment. In this case the plaintiff elected to follow the New York state practice, by filing a complete bill of complaint as its second amended bill of complaint, and under those circumstances plaintiff cannot now assert that it is entitled to the advantages which would otherwise accrue to him under the federal practice. Under New York practice, an amended pleading, whether served as of course or pursuant to leave, supersedes the original, takes the place of,

and is a substitute for, the original, which is no longer treated as a pleading in the action. An amended complaint or answer becomes the only complaint or answer in the case (Penniman v. F. & W. Co., 133 N. Y. 442, 31 N. E. 318) and supersedes all previously amended complaints or answers as well as the original (Block v. Nussbaum, 163 App. Div. 463, 148 N. Y. S. 594).

Time for the defendant to answer has been limited, as above indicated. Decision on the motion for letters rogatory will be reserved until the answer is filed. In the event that the defendant puts in issue the filing of the applications by Hans Wittemeier in Germany, as alleged in the second amended bill of complaint, the motion for letters rogatory will be granted. The motion for letters rogatory will now be denied, solely on the ground that they cannot be granted prior to the framing of the issue. Flower v. MacGinniss et al. (C. C. A.) 112 F. 377. As to the necessity of taking the testimony by deposition, attention is invited to sections 394–398 of the Civil Practice Act of the state of New York.

■ Defendant requests that the plaintiff be required to furnish a bill of particulars in eighteen respects mentioned in the notice of motion. This court has had occasion to state that the sole function of a bill of particulars is to amplify or limit the pleading served, to the end that the proof offered at the trial may be limited and addressed only to the questions arising upon the pleading as thus amplified or limited, and that surprise and needless preparation may be avoided, that neither the names of witnesses nor the evidence by which the pleader expects to establish the facts upon which he relies for recovery need be given. Hespe v. Corning Glass Works, Inc. (D. C.) 9 F. Supp. 725.

■ Items I to IV, inclusive, of defendant's motion for bill of particulars call upon plaintiff to specify which of the numerous devices manufactured and sold by the defendant are alleged to infringe upon claims 7 and 8 of the letters patent in suit, and when, to whom, and where such devices were sold. The motion should be granted as to those particular requests. Plaintiff has objected to furnishing a bill of particulars as to those items, on the ground that they are already covered by stipulation, but no such stipulation has been filed with the court and called to the court's attention.

Defendant requires that plaintiff state precisely what plaintiff asserts or claims is new and patentable in each of claims 7 and 8 of the letters patent in suit, that it state precisely where in defendant's alleged infringing device or devices plaintiff asserts there is found the features set forth as new and patentable in such claims. This calls clearly for evidentiary detail, for plaintiff's interpretation of the claims and his opinion thereon, and for plaintiff's theory as to infringement, and does not come within the proper scope of a bill of particulars. A. B. Dick Co. v. Underwood Typewriter Company (D. C.) 235 F. 300.

Under item VII, defendant requires plaintiff to state precisely the facts with respect to (a) the date and place of conception of the alleged invention defined by claims 7 and 8 of the letters patent in suit, and by whom conceived, (b) the date and place of the first disclosure thereof, and by whom and to whom made, (c) the date and place of the beginning of the first drawings thereof, and by whom made and when and where completed, (d) the date and place of the beginning of the first written descriptions thereof, and by whom written and when and where completed, (e) the date and place of the first reduction to practice thereof, and by whom made, (f) the date and place of first public use thereof, and by whom used, (g) the date and place of first public use in Germany, and by whom used, (h) the date and place of the first public use in the United States thereof, and by whom used, and (i) the date and place of first commercial introduction and/or sale of a device or devices embodying said invention (1) anywhere, (2) in Germany, (3) in the United States, and by whom introduced and/or sold in each of which places. Foreign use and commercialization is not material. Subdivisions (a) to (e), inclusive, require data as to conception, disclosure, drawing, description, and introduction to practice material upon invention date. Plaintiff is not required to furnish such information, unless he requires some data as to prior use. A. B. Dick Co. v. Underwood Typewriter Co., supra.

Defendant requires in item VIII that plaintiff should state precisely the relation existing between Hans Wittemeier and the Deutsche Luftfilter Baugesellschaft at the time of the filing of the German application on February 26, 1919, in which the latter acted as a legal representative. This matter will probably be brought out on the depositions. Nevertheless, the defendant is entitled to this statement, if plaintiff can furnish it at this time, and plaintiff should state whether or not the application was filed in behalf of Hans Wittemeier and to cover his invention.

Defendant asks that plaintiff be required, under specifications IX, X, XI, XII, XV, XVI, XVII, and XVIII, to give the history of the German applications after the filing thereof. As before pointed out, it is immaterial what became of those applications after the filing date, and plaintiff should not be required to furnish particulars as to what did occur in the matter of the prosecution of the applications subsequent to the dates of filing. Kling v. Haring, supra.

Specifications XIII to XVII also call for information as to whether applications were filed in any other countries. On the question of priority, this is a matter of defense.

The motion for bill of particulars will be granted in the respects above indicated and denied in all other respects.

So ordered.